ALBANY,
August, 1810.

VAN SLYCK
v.
HOGEBOOM.

——————

### VAN SLYCK *against* HOGEBOOM.

An action of *debt* against a sheriff for an escape, lies only where the prisoner is *in execution;* and a prisoner is not in execution, unless on a *ca. sa.* Where a person, surrendered into the custody of the sheriff, by bail, escapes, an action of *debt* will not lie; for a person cannot be charged in execution without issuing a *ca. sa.* The proper remedy in such a case, is an action *on the case.* But where in an action of debt the whole defence was let in, as if it had been an action on the case, and the jury found for the plaintiff nominal damages only, the court refused to grant a new trial, merely to give the defendant an opportunity to get rid of the suit, as he would be entitled to costs as the verdict stood.

THIS was an action of *debt*, for the escape of one *Abraham A. Van Alstyne*, after judgment against him, in this court, and after he had been surrendered by his bail, but before he had been charged in execution by a *ca. sa.* The declaration was in debt, for the amount of the judgment. Previous to the surrender, a *ca. sa.* had been issued on the judgment, and returned *non est inventus.* The cause was tried at the *Columbia* circuit, in *December*, 1809. The judgment, the surrender, and the escape, being proved, the defendant was permitted to show the insolvency of *Van Alstyne*, to diminish the amount of the recovery. The jury found a verdict for the plaintiff, not for the debt, but for six cents damages, and no more.

A motion was made to set aside the verdict, for misdirection, and on the ground that the plaintiff was entitled to recover the whole amount of the judgment, in the action of debt, without reference to the solvency or insolvency of the prisoner.

*Woodward* and *Van Buren*, for the plaintiff.

*E. Williams*, contra.

*Per Curiam.* The action here was misconceived. Un-
der the statute, debt for an escape lies only when the
prisoner is in execution ; (*Laws*, vol. 1. *sess.* 24. *c.* 28.
*s.* 18. p. 212.) and under our law, a prisoner is not in
execution, until a writ of execution against the body has
been issued and delivered to the sheriff. We have
never adopted the *English* practice of charging the de-
fendant in execution, without the issuing of a *ca. sa.* (1
*Salk.* 272. *Watson* v. *Sutton*, 2 *Burr.* 1050.) The provi-
sion in the statute (*Laws*, vol. 1. *sess.* 24. c. 66. s. 13.
p. 266.) requiring a prisoner to be charged in execution,
within three months next after a surrender of his bail,
subsequent to judgment, is conclusive, to show that a de-
fendant is not in execution by virtue of the surrender.
The action, therefore, for the escape, in this case, ought
to have been an action upon the case, in which the mea-
sure of damages is open to the investigation of the jury,
and not an action of debt, in which the whole judgment
is to be recovered, or nothing. (2 *Term Rep.* 126. 2
*Black. Rep.* 1048.) But, as the defendant was here per-
mitted to avail himself of every defence, equally as if the
action had been case, and not debt, and as only nominal da-
mages have been recovered, it is unnecessary to set aside
the verdict, merely for the sake of giving the defendant
an opportunity of getting rid of the suit ; for, as the ver-
dict stands, the defendant will recover costs. For that
reason only, we allow the plaintiff to retain his verdict,
and the motion, on the part of the plaintiff, for a new
trial, is denied.

Motion denied.