NEW-YORK,
October, 1811.

FEETER *against* WHIPPLE, Sheriff, &c.

FEETER
v.
WHIPPLE.

THIS was an action of trespass on the case, brought against the defendant, as sheriff of the county of *Madison*, for an *escape*.

At the trial of the cause, before Mr. Justice *Yates*, at the *Madison* circuit, the 30th *May*, 1811, it was proved that the defendant took one *Hadcock*, in *July*, 1809, on a *ca. sa.* at the suit of the plaintiff, for 60 dollars and 30 cents damages, and 20 dollars costs ; and that the sheriff left *Hadcock* at the house where he was taken, while he, the sheriff, went a short distance, and told *Hadcock* to wait until his return ; that after waiting a short time, *Hadcock* left the house and went home, where he staid all night, and the next morning, on his way to the plaintiff's, was again arrested by the sheriff, who took him to *Petersburgh*, out of the direct road to the gaol, and left him in a house, when he made his escape and returned home, and kept out of the sheriff's way, until he was again arrested on the execution in *September*, and carried to the county gaol. It appeared that the sheriff, after the second escape, made search after his prisoner, and offered and paid a reward for his recaption.

The defendant proved the insolvency of *Hadcock*, and his inability to pay any part of the debt. It was shown that, in *November*, after his imprisonment, his property, to the amount of 45 dollars, had been taken and sold on executions issued from a justice's court ; but that there was some dispute about the property.

The judge charged the jury, that the plaintiff was entitled to recover in damages, as much as he had lost by the escape ; and that they would be warranted to find a verdict for the plaintiff for 45 dollars, the amount of property sold on the executions in *November*. The jury found a verdict for the defendant.

Though a verdict was against the weight of evidence; yet the action sounding in *tort*, being against a sheriff for an *escape*, and the sum in controversy small, and the evidence as to the damages, contradictory, a new trial was refused.

NEW-YORK,          A motion was made to set aside the verdict, which was
October, 1811.
                submitted to the court, without argument.

JACKSON
v.
PULVER.          *Per Curiam.*   The verdict is against the weight of
                evidence.   But the action sounding in *tort*, and the sum
                in controversy small, and the value of the prisoner's
                property uncertain, and the evidence on that point con-
                tradictory, it is not a case for a new trial.   The motion
                is, therefore, denied.

                                                        Motion denied.