## HURTIN *against* HOPKINS.

In an action for
a *libel,* where
the        jury
find   a   ver-
dict   for   the
defendant,
the      court
will not grant
a new   trial,
merely   be-
cause the ju-
ry misunder-
stood or dis-
regarded the
evidence.

THIS was an action for a libel, published in the *Orange County Gazette.*  The publication was in the form of a letter addressed to Col. *G. D. Wickham,* as follows : " You may consider it presumption in a citizen, in the common walks of life, to assume to himself the right of investigating the interest and zeal you manifested in procuring the appointment of *John G. Hurtin,* (the plaintiff,) to the office of sheriff of the county of *Orange,* to the exclusion of a great number of gentlemen of respectability, as well for character as talents, belonging to the federal party in this county.  Your ambition for the exclusive control of the appointment of a high sheriff, you have honestly inherited.  The advantages re-

sulting from that influence, you will ever enjoy over that contemptible apostate, (meaning, &c.) whose ignorance and insolence will make him a fit instrument for all your purposes. (Meaning, &c.) And when you lack the talents and ingenuity to give him a proper direction, you have an arch old gentleman, at your elbow, to direct you both in the arts of juggling." (Meaning, &c.)

The publication by the defendant was proved; and the counsel for the defendant offered to prove the truth of the charges contained in the libel; and no objection being made, several witnesses were admitted for that purpose.

The judge charged the jury that the publication was libellous; and that the defendant having wholly failed in his justification, the plaintiff was entitled to a verdict. The jury found a verdict for the defendant.

A motion was made to set aside the verdict, and for a new trial.

*J. Duer*, for the plaintiff.

*Fisk*, contra. He cited 1 *Burr.* 11. 54. 2 *Salk.* 644. 2 *Burr.* 644. 3 *Johns. Rep.* 180.

*Per Curiam.* The general rule is not to grant a new trial, in actions of this nature, when the verdict is for the defendant, and there is no other ground for the motion than that the jury have misunderstood or disregarded the evidence. This was the doctrine of the court in *Jarvis* v. *Hatheway.* (3 *Johns. Rep.* 180.) In penal actions, the rule has been established by a series of cases; (*Str.* 899. 1238. 3 *Wils.* 59. 10 *East*, 268.) and though actions for defamation, and for malicious prosecution, are not actions for penalties, yet they are penal in their nature; and, in respect to the doctrine of new trials, seem to be governed by the same rules. (2 *Burr.* 664. *Cowp.* 37. *Salk.* 644.) The case before us was not that of a very aggravated libel, nor were the cases in general of that character to which the rule has been applied. A jury would rarely, in a gross case of defamation, find a verdict against the plaintiff; if they did, it would be pretty good evidence of prejudice, partiality or corruption. The court do not mean to lay down a rule for such extreme cases, but they certainly would not be justified by the precedents, to interfere in the present case.

Motion denied.