# DECISIONS

# SUPREME COURT OF MISSOURI.

## FOURTH JUDICIAL DISTRICT,

### MAY TERM, 1839.

---

### VAUGHN v. MONTGOMERY.

1. The bill of exceptions, after rehearsing some evidence, proceeds: "the court then gave the following instructions," &c. Held, that such a statement does not exclude the conclusion that there was other evidence given, and the presumption, in such cases, will always be made in favor of the proceedings of the circuit court.
2. Where the evidence is various and contradictory, or where the bill of exceptions does not profess to give all the evidence, the supreme court will not interfere with the decision of the circuit court, and order a new trial.
3. These general principles, in relation to granting new trials, have special force in cases like the present, founded on torts, in which, from the evidence disclosed, nothing more than nominal damages could be asked or expected.

ERROR to the circuit court of Pulaski county.

*P. Cole,* counsel for plaintiff in error:

The circuit court erred in its supplemental instructions to the jury, and also erred in refusing a new trial.

Authorities to 1st Point.—Hines v. McKinney, 3 Mo. Rep. 382; Fenton v. Perkins, 16, 23.

2d Point.—Downing v. Garner, 1 Mo. Rep. 751; 2 Stark. Evi. 800–8; 1 Chit. Plead. 183, 184; 1 John. Cases, 20, 16, 228; 2 John. Cases, 27; Percival v. Jones, 2 John. Cases, 49; Hess v. Morgan, 3 John. Cases, 84.

*J. S. Brickey,* counsel for defendant in error:

1. That inasmuch as the court below gave all the instructions required by the plaintiff, the additional instruction given to the jury by the court was correct, therefore the court did not err in instructing the jury.

2. If the court decided correctly in giving the instruction which he did to the jury, upon the whole of the evidence, there is no error in refusing the plaintiff a new trial.

3. Upon the finding of the jury, the court was bound to have given judgment for the defendant.

4. The court will not grant a new trial in a case where the plaintiff can only recover nominal damages, even if the judge does misdirect the jury as to the law.

5. A new trial will not be granted where substantial justice has been done; and the plaintiff at best can only recover nominal damages, even if the court did misinstruct the jury, or if the jury find against the law of the case —3 John. Rep. 527, Fleming v. Gilbert; 8 John. Rep. 369, Peter v. Whipple; 1 Marsh. Rep. 80; 2 Marsh. Rep. 194, Pettis v. Smith.

NAPTON, Judge, delivered the opinion of the court.

Vaughn sued Montgomery in trespass before the circuit court of Pulaski county, and a verdict and judgment being against him, he appealed to this court.

The facts, so far as disclosed by the bill of exceptions, were these: One McElroy sued Vaughn before Montgomery, then a justice of the peace, and obtained judgment for $35 debt and $9 75 costs. Vaughn appealed, and entered into bond according to law, but afterwards, and before the papers were removed to the clerk's office, both McElroy and Vaughn sent word to the justice to countermand the appeal, assuring him that their case was compromised. The defendant, Montgomery, issued an execution against Vaughn in favor of McElroy for the debt and costs; under which execution the constable levied on and sold Vaughn's wagon, for which alleged trespass the present action was brought. It was also proved that one Casey bought the wagon, as the witness believed, with Vaughn's money, at any rate, that the wagon had remained in his possession ever since. It was also proved that Vaughn sent word to Montgomery that the case was compromised. One witness testified that the constable, on selling the wagon, told plaintiff that he would refund all the money made on the execu-

MAY TERM,
1839.

Vaughn
v.
Montgomery.

tion except the costs, provided he would show him a receipt from McElroy. This is all the testimony preserved in the bill of exceptions, excepting copies of appeal bond, proceedings before magistrate, &c., but there is no statement in the bill of exceptions that this was all the testimony in the case. The court gave the following instructions to the jury:

1. That if the jury believe from the evidence that an appeal was allowed by Robert Montgomery, acting as a magistrate, the justice had no further jurisdiction in the case.

2. That if they believe from the evidence an appeal was granted, and the defendant afterwards issued an execution, then defendant was a trespasser, unless they believe the appeal was countermanded by the appellant.

3. That if they believe from the evidence an appeal was granted, the justice could not afterwards issue an execution even for costs, unless they believe the appeal was countermanded.

The court gave some other instructions in relation to damages which are not complained of, and also instructed the jury that if the circuit court had no jurisdiction of the case until the papers were there filed, that the appellant had a right to countermand the appeal; and if the appeal was so countermanded before the appeal was filed in the circuit court, and before the time prescribed for filing it, then the magistrate had a right to issue an execution on demand. Verdict was for defendant. Motion for a new trial overruled, and the case brought here by appeal.

It is contended that the instructions of the court were erroneous, not justified by the evidence, and that a new trial should have been granted.

The act relating to justices' courts (art. 7, sec. 1,) declares that "upon every judgment rendered by a justice, execution shall be issued by that justice in the manner hereinafter prescribed, at any time upon demand." It is not necessary for the court in this case to determine whether the words of this section deprive the justice of his right to issue an execution before it is demanded. It is certainly by no means a legitimate inference that, because the statute requires the justice to issue on demand, he cannot of his own mere motion do the same thing. But the instruction of the court in this case was, that if the appeal was countermanded, the justice could then issue his execution on demand. The correctness of the instruction, abstractly considered, cannot then be ques-

MAY TERM, 1839.

Vaughn
v.
Montgomery.

The bill of exceptions, after rehearsing some evidence, proceeds: "the court then gave the following instructions," &c. Held, that such a statement does not exclude the conclusion that there was other evidence given, and the presumption, in such cases, will always be made in favor of the proceedings of the circuit court.

Where the evidence is various and contradictory, or where the bill of exceptions does not profess to give all the evidence, the supreme court will not interfere with the decision of the circuit court, and order a new trial. These general principles, in relation to granting new trials, have special force in cases like the present, founded on torts, in which, from the evidence disclosed, nothing more than nominal damages could be asked or expected.

tioned. But the applicability of the instruction to the evidence is denied. It is true, that from any evidence preserved in the bill of exceptions, there was no proof of a demand; but the bill of exceptions, after rehearsing some evidence, proceeds: "The court then gave the following instructions," &c. It has been held by this court, in the case of Foster & Foster v. Nowlin, (4 Mo. Rep. 18,) that such a statement does not exclude the conclusion, that there was other evidence. The presumption in such cases must always be made in favor of the proceedings of the circuit court.

Where the evidence is various and contradictory, or where the bill of exceptions does not profess to give all the evidence, this court, I apprehend, would not interfere with the decisions of the circuit court, and order a new trial. The decisions of this court—decisions I think founded on sound policy—have well settled the doctrine that it must be a clear case to authorize this court to order a new trial. Testimony preserved by a bill of exceptions must always be a mere skeleton of the facts appearing on the trial, deprived of a thousand incidents which constitute their very life and essence before the court. The manner and appearance of the witness, the voice, the gestures and the look are lost to this court, and frequently have a material weight with the circuit judge in determining his course.

I hold that these general principles in relation to granting new trials have especial force in a case like this, which is an action founded on tort, and in which the evidence disclosed plainly shows that scarcely more than nominal damages could be asked or expected. In Mason v. Hull, (1 Bin.) this doctrine was held, and the courts of New York have held the same opinion in various cases —Fleming v. Gilbert, 3 John. Rep. 527; Peter v. Whipple, 8 John. Rep. 369. These cases have gone so far as to decide that a new trial will not be granted even where the court has misdirected the jury, or admitted improper testimony; where nominal damage has been recovered; or where the trespass was trifling. It has not been established here that there was any misdirection of the judge. This case is therefore affirmed.