Reese, J.
delivered the opinion of the court.
This is an action brought to recover the amount of an execution of capias ad respondendum, for the alledged escape of the prisoner arrested thereon. The case at the last term of the court was fully argued upon the general questions, whether the facts shown in the record constituted an escape, and whether in this form of action the defendant, if an escape took place, should be held liable for the full amount of the execution, or could be permitted, by showing the insolvency of the prisoner or other facts, to reduce the recovery of the plaintiff to the actual injury or damage sustained by the plaintiff on account of the wrongful acts or omissions of the defendant.* The court was fully satisfied on all these questions, that the law was with the plaintiff in error. And the question for the consideration of the court is, upon the validity of the arrest; it appearing that it had been made on the second day of the term to which the process was returnable, or on Tuesday.
The act of 1794, ch. 1, sec. 10, and of 1803, seeming satisfactorily to establish, that the second day of the term was the return day thereof; and this court having, in the case of Valentine vs. Cooly, authorati'vely decided that such was the proper construction of said acts; and that, therefore, the vigor and efficiency of the process continued to exist throughout the return day; that question, too, might have appeared to be free from doubt, but the act of 1833, ch. 43, was brought to the notice of the court. The act is printed in the revisal of Car. & Nic. p. 114, under the head of Attorney General, and not under that of sheriff, or process of any sort, and entirely escaped the notice of counsel and court at the time of the argument and discussion of the case of Valentine vs. Cooly, 1 Hump. 38. The case was, therefore, continued till the present term of the *71 court, in order that the effect and operation of the act oil833, upon the former statute, regulating the return of process might be again argued and considered. This has been fully done at the.present term. Statutes are repealed or changed, in whole or in part, by subsequent statutes, when the latter refering to them in terms, declares the repeal or change, and the extent of it; or, when the provisions of the subsequent statutes, in their operation and effect, are inconsistent with, or repugnant to the unchanged or unmodified operation and effect of such former statutes. In this latter case, such former statutes are repealed, or changed or modified by the necessary implication óf an express intention on the part of’ the legislature to compass that end, to the extent, and in those particulars only, in which such inconsistencies or repugnancy exist; and this, even, without any reference to such former statutes, or any express declaration to that purpose. This, we are of opinion, is the effect of the act of 1833, ch. 43, upon the former statute, so far as relates to the second day of the term being the return day of the process. It will be remembered, that the case of Valentina vs. Coohj, determines as a principle, and there was nothing new in the principle, that returnable process on the day of its return, whatever day that might be, would retain through the whole of that day all its vigor and vitality. It was not functus officio till the end of that day. But the act of 1833, ch. 43, sec. 1, declares it to be the duty of the different Attorneys General in this State on the second day of each and every term of the County, Circuit and Supreme Courts held within his district, to call upon the Clerks of said courts for their execution dockets, and if it shall appear that an execution has been placed in the hands of any sheriff, upon which any State tax, &c. &c.; and if it shall appear that he has failed to return the same, it shall be the duty of the court to render judgment, &c. And the 3d section provides, that if the clerk shall fail to exhibit his execution docket when called on as above, he shall forfeit, &c., fifty dollars. From the general view of the first section, it would appear to have been the object of the legislature to provide this summary remedy on behalf of the State or county with reference to State tax, fines, -common school funds, or other revenue; *72 but it would seem far from certain, that in the concoction of the section such interpolations did not taire place, as to make it the official duty of the Attorney General to embrace all claims for cost and debt of private individuals, which happened to be associated with those fiscal demands of the State or county. Be this as it may, the State tax may be an incident to every execution; every court is embraced, County, Circuitand Supreme, and every term of every court, and every Attorney General, in the ample scope of the law. The Attorney General must call on the second day for the docket; the docket must then be made out to show the sheriff’s default; he is in default, if before that time he has not returned his execution; and it is the duty of the court thereon to give judgment. All these provisions are entirely repugnant to the idea, that at this identical time, while the Attorney General and the court are thus ascertaining the previous default and consequent liability of the sheriff, he has all his executions in his hands in full life and vigor. This cannot be so. The second day of the term, when all these events, according to law, may and must happen, cannot be the return day of the writ. The day before must be necessarily the return day of the process, and the last day of its vitality. It is difficult to imagine a stronger instance of the repeal or modification of a former law by necessary implication. We are of opinion, therefore, that the judgment in this case be affirmed.

 Bonafous vs. Walker, 2 Term Rep. 132; Watson on Sheriff, 143; 6 John. Rep. 270.