Metcalf *v.* Stryker.

---

### METCALF and DUNCAN *vs.* STRYKER.

Where a defendant is arrested by the sheriff, upon an order of arrest, and gives bail and is thereupon discharged from custody, but the bail do not justify, the sheriff himself becomes bail, and is liable in the same manner, and to the same extent, as bail to the action would have been, had such bail been given and perfected.

Hence, if the plaintiff obtains a judgment in the action, and an execution issued thereon, against the property of the defendant, is returned unsatisfied, and an execution against the body is returned *non est,* the sheriff is liable to pay the amount of such judgment, with interest.

The sheriff's liability being fixed by the original judgment, evidence of the insolvency of the judgment debtor is immaterial, in an action to enforce that liability, and should be rejected.

THE facts in this case are sufficiently set forth in the opinion of the court.

*Mr. Goodrich,* for the plaintiff.

*Mr. Dikeman,* for the defendant.

Metcalf *v.* Stryker.

*By the Court*, EMOTT, J. The radical fault of the argument for the defendant in this case is, that it treats the action as if it were brought for an escape, or a negligent or willful breach of duty by the sheriff. There may be some color given to this view by some of the allegations in the complaint, but the liability does not rest upon such a foundation. His liability is that of bail to the action, which is cast upon him in circumstances like the present, by § 201 of the code of procedure.

It appeared upon the trial of this cause at the circuit, that the plaintiffs commenced an action in this court against one George C. Harriman, and obtained an order of arrest, which was delivered to the defendant, then sheriff of Kings county, on or about August 15th, 1857. The defendant arrested Harriman, pursuant to this order, and held him in custody until he gave bail. On the 20th of August an undertaking was executed by three sureties, on his behalf, pursuant to section 187 of the code, except that the bail did not state their occupations, and thereupon the sheriff discharged him from custody. On the 25th of August, the sheriff served a copy of the undertaking upon the attorneys for the plaintiff in that action. The next day, i. e. the 26th of August, the plaintiff's attorneys gave the sheriff notice that the bail was not accepted. The bail did not justify, nor was any notice of justification served, and no new bail was given, but the action proceeded to judgment, and the plaintiffs recovered, in August, 1858, $3743.77 of Harriman. A transcript was filed in the county of Kings and an execution against property issued to the sheriff of that county, which was returned unsatisfied. Then an execution against the body of the defendant was issued, and that also was returned that he could not be found.

It was conceded on the trial, as it also was upon the argument, that the defendant was liable, but the question is what is the extent and measure of his liability. After the plaintiffs had rested, at the trial, the defendant's counsel offered to prove that George C. Harriman, at the time of his arrest, was insolvent, and had no property not exempt from execution, and

had ever since remained in the same condition. The judge rejected the evidence, and the defendant's counsel excepted, and thereupon a verdict was taken for the plaintiffs, by the direction of the court, for the amount of the judgment against Harriman with interest; the defendant's counsel also excepting to such direction.

Section 201 of the code enacts that in such a case as this, that is, where, after the defendant is arrested, his bail is not justified, the sheriff himself shall be liable as bail. The next section (202) provides for the enforcement of the sheriff's liability as bail, by prosecuting his official bond when a judgment has been recovered against him upon such liability and an execution thereon returned unsatisfied. And the 203d section makes the bail taken upon the arrest, when they do not justify, liable to the sheriff for all damages which he may sustain by their omission. Thus the three sections together impose upon the sheriff a liability in a given case, provide for its enforcement, and then for his protection or indemnity by the bail whom he has accepted. It is plain enough that in the case we are considering, the defendant became liable in the same manner and to the same extent as bail to the action would have been if such bail had been given and perfected. Thus the inquiry is reduced to the question, what is the liability of bail under the code, in such a case as the present?

The code itself furnishes no answer to this question, and the undertaking which is substituted for the bail bond of the old practice is no more explicit in this respect than the latter. The bail agree, in this undertaking, that the defendant shall at all times render himself amenable to the process of the court during the pendency of the action, and to such as may be issued to enforce the judgment therein. In the present case the code cast this undertaking upon the sheriff, and his undertaking was forfeited, inasmuch as the defendant in that action was not amenable to the process issued to enforce the judgment, and the execution issued against his body was returned "not found." But neither the undertaking nor the

Metcalf *v.* Stryker.

code inform us what is to be the consequence or the extent of the penalty incurred.    We must therefore resort to the former practice of the courts, and the former legislation of the state, to assist our investigation.    We are justified in this resort by section 276 of the code, declaring that in all actions for damages the recovery shall be at the same rate as might have heretofore been recovered, if that section be applicable to the present action, which I very much doubt; but we are justified by the sheer necessity of the case, if it be not.    In the multiplied questions growing out of the code of procedure with which the courts are continually vexed, they would often be entirely at sea if they did not act upon their own knowledge of the previous law, and also presume, with a distinguished judge of our highest court in a famous case, that the authors of the code had some knowledge of what the law and the practice was, and acted upon it.

It must not be forgotten that this is not an action for a neglect of duty by the sheriff, as for instance in not returning an execution, or otherwise.    These would have been actions on the case, before the code destroyed our nomenclature.    The plaintiff in such actions recovered *damages*, of which the amount of the judgment was the measure, prima facie, but subject to be mitigated in certain circumstances.    (*The Bank of Rome* v. *Curtiss*, (1 *Hill*, 275,) and *Pardee* v. *Robertson*, (6 *id.* 550,) are instances of this class of actions under the former practice; in the latter of which Judge Cowen traces the history of the then existing mode of procedure.    So, under the present system, *Humphrey* v. *Hathorn*, (24 *Barb.* 278,) and *Ledyard* v. *Jones*, (3 *Seld.* 550,) are cases in which the same rule of damages observed under the former practice was applied.    Neither of these cases is parallel to the present. Nor can we strictly or properly consider this an action for an escape, or to be determined by the rules which have been applied to such cases.    If the undertaking given on behalf of the defendant Harriman in the original action, which was accepted by the present defendant, and upon which he discharged

his prisoner, was not in conformity to the requisitions of the statute, which seems to have been the case, then it would seem that Harriman's discharge was an escape, for which the defendant was liable. It is, however, unnecessary to determine whether this was so, or what would be the sheriff's liability in consequence, since that is not the ground of the present action. If an action had been brought forthwith upon such discharge, for an escape from mesne process, the rule of damages would have been different from what we understand it to be now. But the defendant's liability was fixed by the failure of Harriman's bail to justify; and that liability was the same, whether the undertaking were or were not in conformity to the statute. That question, and the extent of the sheriff's liability for an escape, may be passed over. They are not the points now before us.

Still it may be observed that there is an analogy between actions for escapes and actions upon bail bonds. It was well settled, under the law before the code, that in an action for an escape from final process the plaintiff recovered the amount of the original judgment, while for an escape from mesne process he could recover only his actual damages. In the former class of cases, therefore, that is where the defendant was actually charged in execution, the action was debt, while in the latter it was case. See, to this effect, *Rawson* v. *Dole*, (2 *John*, 454;) *Potter* v. *Lansing*, (1 *id.* 215;) *Russell* v. *Turner*, (7 *id.* 189;) *Patterson* v. *Westervelt*, (17 *Wend.* 543.) See also *Van Slyck* v. *Hogeboom*, (6 *John.* 270,) in which the distinction between the two classes of actions is clearly defined. *Kellogg* v. *Manro* (9 *John.* 300) was a suit upon a bond given for jail liberties, and although brought after judgment, it was in effect for an escape from mesne process. The defendant had been in custody on mesne process, was surrendered by his bail, and was thereupon admitted to the liberties, and no execution was proved.

We were also referred, upon the argument, by the defendant's counsel, to the provision of the revised statutes in rela-

tion to bonds for the jail liberties, and suits thereon. (2 *R. S.* 433 *et seq.*) But the liability of the bail to the action, under the code, is not the same with that of the bail given for the limits. The bond for the jail liberties may be given either before or after judgment, when the defendant is held either on mesne or final process, and its effect is varied accordingly. If it be given for his discharge from mesne process or upon his surrender by his bail, on such process, then the liability of the bail extends only to the actual loss sustained by the plaintiff, as the liability of the sheriff for an escape from mesne process is limited to the actual damage. But if the prisoner was held by an execution, then his bail to the jail liberties must pay the judgment, if he commits a breach of the bond.

In all these cases the bail who undertake that their principal shall be amenable to final process were held to pay the amount of his debt if he was not, and the sheriff who suffers an escape from final process is held to the same liability.

Now it is very true that the undertaking given for Harriman, the place of which was taken by the sheriff, was given upon an arrest on mesne process. But it was not merely bail upon an arrest, nor was it bail for the jail liberties; it was bail to the action, and to the same effect as special bail under the former practice. The liability of the bail in such an undertaking, and the consequent liability of the sheriff in the present case, continues through the whole course of the action. It varies with the several stages of the cause, and its ultimate extent is not determined until judgment is recovered and all the remedies upon it exhausted against the principal. It may be terminated at any time by the surrender of the principal by his bail, before judgment or after it, or even after suit upon the original undertaking. The sheriff possesses the same power to surrender the defendant after he has become substituted as his bail by the failure of the latter to justify. (*Buckman* v. *Carnley,* (9 *How. Prac. Rep.* 180.) Unless, however, such a surrender is made, the liability of the bail continues upon the undertaking, and, after judgment and ex-

Metcalf *v.* Stryker.

ecution, is limited only by the amount of the judgment against the principal.

We can see no escape from the conclusion that the sheriff in the present case incurred the liability of bail to the action; that this suit is properly brought upon this liability; that if this had been an action against the bail in an undertaking which had been accepted or had been justified, the recovery must have been the full amount of the original judgment and interest; and that, therefore the present defendant was liable to the same extent. As soon as we determine that the liability of the sheriff is that of bail, and the present action is brought against him as in effect made bail by the statute, and not for negligence, or an escape, it must be seen that these consequences are inevitable. If it were otherwise, the provisions of the code as to arrest and bail would be rendered entirely nugatory. We cannot apply any rule to the liability of the present defendant which will not also be applicable to that of the sureties in the undertaking of bail when perfected, Whatever will exonerate the sheriff, or mitigate the recovery against him, must have the same effect in cases where they are sued. The result is that we are asked by the defendant's counsel to hold that whenever a defendant who has been arrested is insolvent, which may sometimes be the very reason of his arrest, if not its cause, his bail are absolved from all responsibility except for nominal damages. If that were the law, the only persons whose arrest would be of any avail would be those whose arrest is altogether unnecessary. The law, previous to the code, was guilty of no such absurdity; and as the present statute neither alters nor declares the rule, we are not at liberty to impute such consequences to it. As the defendant's liability was therefore fixed by the original judgment, evidence of the insolvency of the judgment debtor was immaterial, and was properly rejected. The direction given to the jury was correct, and judgment must be ordered for the plaintiff upon the verdict, with costs.

[KINGS GENERAL TERM, Dec'r 12, 1859. *Lott, Emott* and *Brown*, Justices.]