By the Court,
Garvin, J.
This case was tried before a justice of this court and a jury, on the 15th of March, 1864. A verdict was found for the plaintiffs for the sum of $7000, under the direction of the court, to which the defendant duly excepted. The plaintiff claimed to recover of the defendant, alleging in his complaint: That one Phin White was arrested hy him, and that bail was- not given, nor was a deposit made, whereby the sheriff had made himself liable as bail.
It appeared upon the trial that on the 16th of September, 1862, an order was made by a justice of this court to arrest Phin White and hold him to bail in the sum of $7000 at the suit of William P. Bensel, and directed to the sheriff, James Lynch, which order was made upon affidavits showing that the said White fraudulently contracted the debt for which the action was brought. That at the time the money was obtained from the plaintiff, White represented himself to be a man of property, but was in fact utterly insolvent, making a case under the 4th subdivision of section 179 of the Code. That the sheriff arrested" White under and by virtue of the order; the bail did not justify and no deposit was made instead thereof. *456 It also appeared th,at judgment in that action was obtained for the plaintiff against White, for the sum of $8245.29 on the 24th of December, 1862; That two executions were issued against him, one against the property, and the other against the person of the, defendant. To the first the sheriff made return of no property, real or personal; and to the second, “Defendant not found.”
The defendant moved to dismiss the complaint on the grounds,
1st. That the affidavit did not authorize the granting of the order of arrest, and that the sheriff was not liable.
2d. That the plaintiff was bound, to show affirmatively that White had actually escajoed at the time of the commencement of this action. The motion was denied, and the defendant excepted.
, The defendant offered to show, in mitigation of damages, ■ that at the time of the commencement of this action, Phin White was and still is utterly insolvent, and without any property, real or personal, or any means whatever, out of which any thing could have been collected. This evidence was objected to and excluded; to which ruling the defendant excepted. >
A verdict was ordered for the plaintiffs, and the exceptions directed to be heard in the first instance at the general term. It appears from the sheriff’s certificate that on the 20th of September, 1862, he arrested and had in custody Phin White by virtue of an order of arrest. He was bound to keep him funtil he was legally discharged by due course of law, or permitted to go' at large on bail, or by making such deposit as the statute requires. The sheriff is not allowed to allege error in the judgment or process as an excuse for an escape, where the process is regular upon its face. This was held as early as the case of Cable v. Cooper, (15 John. 152,) and has been reaffirmed in numerous cases, since. This fully disposes of the first ground taken for the 'dismissal of the complaint. The second ground there taken is ,so allied with *457 the main question in the case that it may as well he considered in that connection.
The important question arising in the case is that arising upon admissibility of the evidence offered to show the insolvency of White at the time of the commencement of this action against the sheriff, and ever since.
There can be no question whatever that the sheriff is himself liable as bail. The defendant White was- arrested; he did not give bail, nor was a deposit made instead thereof; whereupon the 201st section of the Code declares “the sheriff shall himself he liable as hail.” These are the precise words of the statute. It would- be a very violent presumption for us to assume that the legislature did not mean, by language so plain, precise, clear and definite, exactly what they have expressed.
It has been decided in the Court of Appeals, in the case of Gallarati v. Orser, (27 N. Y. Rep. 324,) that if the sheriff should discharge the defendant without his compliance with § 201, after arrest, he would himself he liable, precisely as the sureties would have been liable, if a proper undertaking had been given. The same principle was held in this court in the same case in 4 Bosw. Rep. 94, which principle was affirmed in the Court of Appeals. Before the Code, White could have been arrested upon a capias ad respondendum and held to bail, if he had escaped. It would have been called escape upon mesne process. It is therefore contended, on the part of the defendant, that inasmuch as by the 2 R. S. § 62, the sheriff would only have been liable for the damages sustained by the plaintiff, the same rule should still prevail. It is true, that the sheriff would then only have been liable “ to the extent of the damages sustained by him.” (2 R. S. §62.) But a careful examination of the Code, and the several sections contained in chapter 1, of title 7, clearly shows that the provisions embraced in § 201, were intended to apply to a case which prior to the Code would have been termed an escape on mesne process, and to make the sheriff liable to the same extent as if he were himself bail, thus changing the rule of damages. *458 This seems to be the fair and reasonable construction of the section independent of any authoritative exposition ; but as we have seen, it is settled upon authority that the sheriff’s liability is the same as that of bail.; (4 Bosw. Rep. 94. 31 Barb. Rep. 62.) The adjudications upon the subject make it clear what the liability of bail would be if the bail justified as between the bail and the plaintiff in the action. The obligation is in the words of § 187, of the Code : “ That the defendant shall at all times render himself amenable to the process of the court during the pendency of the action, and to such as may be issued to enforce the judgment therein.” If the defendant should not appear when process is issued against his person, it is a breach of the condition of the undertaking,, and the bail are liable to the plaintiff for the amount of the judgment without regard to the insolvency of the defendant in the execution. (31 Barb. 62.) I was very strongly impressed on the argument of this case with the views of the counsel for the appellant. It seemed a great hardship 'to compel the sheriff to respond in damages to the amount off the judgment; but, further reflection has satisfied me that no injury can happen to the sheriff if he pursues the plain and obvious requirements of the statute. The sheriff has the .power to. hold the defendant in custody until he gives bail, and they justify, or the defendant makes the deposit instead of going bail. The sheriff’s duty is very simple. If he fails to comply with the statutory requirements, he makes himself liable to the same extent' as if he was himself bail, or made a deposit of the amount required; that is, the sum in which the defendant was held to bail, being the amount of the verdict in this action. This question was substantially decided by this court, in the case of Gallarati v. Orser, (4 Bosw. 101,) and very elaborately and ably discussed and decided by Justice Emott in Metcalf v. Stryker, (31 Barb. 62.) In the last case cited, the precise question here presented was raised in the court below; and it was held “ that the sheriff’s liability is fixed by and at the time of the original judgment, and that evidence of the insolvency of the judgment debtor is immaterial, in. an action to enforce that liability, and *459 should he rejected.” This construction of the statute having been settled in our own court, and by the Supreme Court, and it being' in accordance with the manifest interpretation of the statute, we must hold that the plaintiff is entitled to an order for judgment upon the verdict in this action, and that the exceptions on the part of the defendant are not well taken, and must be overruled, with costs.