By the Court.—Curtis, Ch. J.
There was a conflict of testimony between the witnesses, as to whether the replacing of the partitions, and the restoration of the building to its former condition, would cost $35 or $90. The defendant claimed that his change was a benefit to the plaintiff.
Henry Immen, from whom the plaintiff received a *222 deed of the building April 25, 1874, testified that about February, 1874, he let the premises to the defendant, who had possession under the lease when the building was conveyed to the plaintiff, and has since continued in such possession. He also states, that he, while owner, gave the defendant permission to remove the partitions in question. The lease is not in evidence, or shown to have been reduced to writing, and it is not clear from the case whether this permission was a provision of the original lease, or subsequently granted. But there is no question raised, as to the fact of such permission being granted by Mr. Immen, and that the defendant told the plaintiff about May 1 or 2,1874, that he was about to remove the partitions, and that the plaintiff did not when thus informed in such conversation with the defendant, raise any objection to his doing so. The defendant removed the partitions about a week after this, the same evening that he was previously told by the witness Petty, that plaintiff desired him not to remove them until he had seen him. The defendant testified that he “ had nothing to do with Petty,” and appears not to have recognized him or known him as authorized by the plaintiff to act in the matter.
The questions arising upon the issues were passed upon by the jury, under a charge which affords no ground for complaint or exception on the part of the plaintiff.
It is evident the court, in its charge, viewed the question of damages, as one where the jury were to assess the amount between $35 and $90, or to determine whether these amounts were exaggerated. There were two questions presented to the jury by the evidence for their consideration. The first, was whether permission had been given to the defendant to remove the partitions, and the second was whether such removal caused any damage.
*223 The evidence was such, that the jury might conclude that there was a license either in the lease, or subsequently from the former owner to the defendant, to make the change, which was binding upon the plaintiff as a subsequent grantee or recognized or ratified by the plaintiff when he came into possession. This permission was distinctly shown by the former owner, when he testified as to the letting, and without objection.
The evidence is not of a character to call for the granting of a new trial, on the ground that no damages were found by the jury. The damages, if any, were trifling, and in a suit brought where the costs are much greater than the pecuniary amount involved in the controversy, the court cannot entirely overlook the maxim De minimis non curat lex (Exp. Baily, 2 Cow. 479).
The questions of fact were within the province solely of the jury, and the judge did not err in denying the defendant’s motion to set aside the verdict on the ground that it was in conflict with the charge and the evidence.
The jury had a right, in determining the question of damages, to look beyond the mere evidence of the cost of restoration. If they found for the defendant, when they should have found nominal damages for the plaintiff, it would furnish no ground for a new trial (Stevens v. Wilder, 42 N. Y. 351 ; Devendorf v. Wert, 42 Barb. 227).
The judgment and the order denying the plaintiff’s motion for a new trial appealed from, should be affirmed.
Sanford, J., concurred.