WELSH v. THE CITY OF ST. LOUIS *et al.*, *Appellants.*

1. **Motion for New Trial.** Unless it affirmatively appears by the record that the motion for new trial was filed within four days after trial, this court will not consider the questions it presents.

2. **Municipal Corporations**: MUST KEEP STREETS IN SAFE CONDITION. Cities are bound to maintain their streets in such condition that they will be reasonably safe for travel, and this duty cannot be shifted to the shoulders of another. If a wayfarer be injured by falling into an open sewer in a public street, the city will not be relieved of liability by reason of the fact that the opening was left unguarded by a contractor engaged in the construction of the sewer. *Modifying Barry v. St. Louis,* 17 Mo. 121.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

This was an action against the city of St. Louis and Gottlieb Eyerman to recover damages for injuries sustained by plaintiff in falling into an open sewer. Eyerman was constructing the sewer in Arsenal street, under a contract with the city. The evidence tended to show that he left the opening unguarded. and that plaintiff, passing at night, fell in and sustained the injuries complained of. There was a verdict and judgment for. plaintiff, and defendants appealed.

*Leverett Bell* for the city of St. Louis.

Eyerman was not, and under the law and his contract could not be, the mere agent, servant or employee of the city. He was an independent contractor. Under the law, the city could have no such control over the work, or over Eyerman or his agents and servants, as to render it responsible for Eyerman's neglect. *Barry v. St. Louis,* 17 Mo. 121; *Clark v. Hannibal & St. Joseph R. R. Co.,* 36 Mo. 218; *Hilsdorf v. St. Louis,* 45 Mo. 98; *Allen v. Willard,* 57 Pa. St. 381; *Harrison v. Collins,* 86 Pa. St. 159; *s. c.,* 27 Am. Rep. 699; *Erie v. Caulkins,* 85 Pa. St. 247; *s. c.,* 27 Am.

Rep. 642; 2 Thompson on Negligence, 698, 730, 740. In *Richmond v. Wardlaw*, 36 Mo. 313; *State v. Marshall*, 36 Mo. 400, and *Moran v. January*, 52 Mo. 523, it affirmatively appeared that the motion for new trial was filed out of time. In the case at bar the record is silent as to the day when the motion was filed. There is nothing indicating that the law has not been complied with. There is no presumption that the parties failed to comply with the statutory regulations governing motions for a new trial. If any presumption on the subject is to be indulged in, it should be that the law has been observed, because the interests of appellants lay in the direction of its observance.

*George A. Castleman* and *Henry B. O'Reilly* for appellant Eyerman.

*Leander J. Smith* for respondent.

The bill of exceptions does not show that the motion for new trial was filed within four days. This is a fatal defect. *State v. Marshall*, 36 Mo. 400; *Gorman v. Aust*, 55 Mo. 163; *Cator v. Collins*, 2 Mo. App. 225. The city is bound to keep the streets in a safe condition at all times. Where lights and barriers are necessary, the city must see that they are erected. This duty the city cannot shift upon a contractor; nor by any act of its own can it abdicate its sovereignty over the street or lay the blame for injuries sustained on some irresponsible agent or contractor. Dillon on Munic. Corp., (2 Ed.) § 791, p. 922, and note; Shearman & Redfield on Neg., (3 Ed.) p. 478, § 400; *Storrs v. Utica*, 17 N. Y. 104; *Detroit v. Corey*, 9 Mich. 165; *Springfield v. LeClaire*, 49 Ill. 476; *Brooks v. Somerville*, 106 Mass. 271; *Major v. Pendleton*, 15 Md. 12; *Chicago v. Robbins*, 2 Black 418; s. c., 2 Am. Law Reg. (N. S.) 529; *St. Paul v. Seitz*, 3 Minn. 297; *Loyd v. New York*, 1 Selden (5 N. Y.) 369; *Lowell v. Boston R. R. Co.*, 23 Pick. 24; *Memphis v. Lasser*, 9 Humph. 757; *Hutson v. New York*, 5 Sand. 299.

SHERWOOD, C. J.—The statute is imperative that the motion for a new trial shall be made within four days after the trial. 2 Wag. Stat., p. 1059, § 6. It does not appear in this case, either from the record proper or from the bill of exceptions, when that motion was filed. If not filed in time, the only thing the circuit court could do, even if believing error had been committed during the progress of the trial, was to deny the motion. And if the motion was denied in such circumstances, there was no error in such denial, notwithstanding error may have been committed while the trial was progressing. For aught that appears to the contrary, the motion may have been denied, not upon the merits, but because the requirements of the statute had not been complied with; in which case, no error was committed in denying the motion. He who alleges error must prove it, as every presumption will be made in favor of the correctness of the ruling of the lower court. *Stewart v. Small*, 5 Mo. 525; *Vaughn v. Montgomery*, 5 Mo. 529; *Small v. Hempstead*, 7 Mo. 373; *Walter v. Cathcart*, 18 Mo. 256; *State v. Rogers*, 36 Mo. 138. But while this presumption is indulged in favorable to the action of the circuit courts, no presumptions are indulged that parties file their motions in time. For these reasons we affirm the judgment. All concur.

## On Motion for Rehearing.

SHERWOOD, C. J.—As sustaining the view that the petition does not state a cause of action against the city, we are referred to the case of *Barry v. St. Louis*, 17 Mo. 121. The precise point in judgment in that case was this, and this only, that the city was not responsible for damages resulting from the negligence of a contractor in failing to put up sufficient barriers to warn or guard persons passing down the street. The question presented by this record is not whether the city is responsible for the negligence of

the contractor, Eyerman, but whether it is responsible for its own negligence in failing to discharge that duty which it owes to its citizens and to the public, of maintaining its streets in a proper condition, so that they will be reasonably safe for travel. That such a duty, such an obligation, belongs to the city, and is a continuing obligation, which cannot be shirked or shifted to the shoulders of another, is well settled in this State; and if the language in *Barry v. St. Louis, supra,* denies such liability, it should be disapproved. *Blake v. St. Louis,* 40 Mo. 569; *Bowie v. Kansas City,* 51 Mo. 454; *Bassett v. City of St. Joseph,* 53 Mo. 290. This is the prevalent doctrine elsewhere. 2 Dillon Munic. Corp., § 791, and cases cited; *Chicago v. Brophy,* 79 Ill. 277. For these reasons we deny the motion to rehear. All concur.