(38 Misc. Rep. 377.)

### ENGEL v. NEW YORK EVENING POST CO.

(Supreme Court, Trial Term, New York County. July, 1902.)

**1. LIBEL—REVIEW—WEIGHT OF EVIDENCE.**

A verdict for defendant in libel will not be set aside as against the weight of evidence where the jury has found the substantial verity of the charges made.

Action by Martin Engel against the New York Evening Post Company. Verdict for defendant. Motion for new trial denied.

Gustavus A. Rogers, for plaintiff.
Lawrence Godkin, for defendant.

RUSSELL, J. The plaintiff urges that the verdict for the defendant in this suit for libel was against the weight of evidence, and that the court erred in allowing the jury to consider the meaning of the libelous words in such a way that the justification proven was sufficient to permit a verdict for the defendant. The hurtful feature of the article was the intimation that the plaintiff, being a powerful political leader, protected vice in the Eighth assembly district for his own pecuniary advantage. As incidental, and perhaps giving point, to the assertion, it was stated that he had been many times in court on the charge of maintaining premises for purposes of prostitution. It was not stated that he was ever convicted, and therefore it seemed plain from the article that no such charge was ever successfully maintained. The evidence fails to show that the plaintiff was ever arrested upon any such complaint, but it did show that he was often in court for the purpose of giving bail for prostitutes, and that some such women were kept at different times in tenements of which the plaintiff was the landlord. The action for damages on account of a libel published is both remedial and penal in its nature. It repairs the injury to reputation and punishes the malicious libeler. Outside of these objects it has no force. As remedial, it asserts that a man has the right to enjoy a well-earned reputation, unmolested from lying statements which grieve the sensibilities and impair the repute, and takes into account, within the lines allowed by the issues presented, the full consideration of the substantial unity between the real character of the man and the reputation which his life conduct has deserved. It does not help to facilitate the evil deeds which are prompted by the strivings of a base character by allowing it to mask under a false reputation, and so work the more securely for improper purposes. It simply gives compensation for unmerited injury. As penal in its nature, this remedy adds power as a deterrent against the perpetration of like injuries by punish-

ment where malice intensifies the designed wrong. It does not inflict punitive damages where the proof shows that the substantial iniquity complained of was done by the offender, although there may be a failure of proof in showing some specific overt act referred to. Nor would it be just to punish where such substantial proof of wrong was given, but all of the events were not established, if sufficient remained to show the wrongful purpose and acts. In this case the jury was satisfied from the evidence that the plaintiff did aid to shield profligate women in their vocation by suffering them to have places of shelter and enticement, and by coming to court to their rescue and freedom when they were brought there by the officers of law. What matters it, then, if the voluntary appearance by the plaintiff in court was not for the purpose of defending himself from the charge of maintaining houses of prostitution, if such voluntary appearance was part of a plan to protect those who were thus engaged either in his own tenements or in other places? Could a jury consistently sever the object of the presence in court, so as to hold the improper purpose and design sufficiently proven while the exact status the plaintiff occupied while actually in court was not sufficiently proven, and therefore give any substantial verdict for such failure of proof? Such a verdict would not repair an unjustly assailed reputation, nor would it be justified as a penal infliction upon the defendant. The courts have repeatedly recognized the difference between actions of libel or slander and those affecting property rights in declining to set aside verdicts as against the weight of evidence, or for improper rulings by the court, where the jury has found the substantial verity of the charges made. Although the plaintiff was entitled to nominal damages, a verdict for the defendant will not be set aside in an action for libel. Funk v. Publishing Co., 76 Hun, 497, 27 N. Y. Supp. 1089, affirmed 152 N. Y. 619, 46 N. E. 292. Unless the case is one of an aggravated libel, and unsustained by substantial proof, the verdict will not be set aside, even if the jury disregarded the evidence. Hurtin v. Hopkins, 9 Johns. 36. Where there is the least doubt about the meaning of the words, the decision of the jury is conclusive, and a verdict will not be set aside though against the weight of evidence. Ex parte Baily, 2 Cow. 479. A verdict for defendant was sustained where the charge was that the plaintiff was guilty of forgery, and no justification was proven, but the jury was allowed to pass upon the question of malicious intent. Jarvis v. Hatheway, 3 Johns. 180, 3 Am. Dec. 473. The motion for a new trial is denied.

Motion denied.