McGirk, C. J.,
delivered the opinion of the Court.
This is an action of assumpsit, 1st count on a note, 2d and 3d count money had and received and money lent The record and assignment of errors in this case shews, *16 that the writ issued against several other persons besides Hanly, and that the sheriff returned the writ executed on Hanly by arresting him and talcing hail of him, but says nothing as to the other defendants! At the return term, a judgment was taken against all the defendants by default, and the record states, that the action was founded on a note in writing, and that the demand was liquidated and reduced to writing, and judgment entered by the Court, without a writ of enquiry or the intervention of a jury. At tlie next term, the plaintiff suggested to the Court that his judgment was wrong, for that judgment was rendered against all, when it ought to have been against Hanly alone. The record proceeds to give the amendment accordingly, and gives judgment against Hanly alone, for the same sum as before, without vacating the former judgment, or saying any thing more as to the former judgment. The plaintiff in error assigns nine causes of error, one of which is, that the judgment was by default against all the defendants, when it ought to have been against Hanly alone, and that the Court erred in giving the amendment at the next term. The whole of the points of error assigned, are involved in the consideration of the question, 1st, are there, in this case, two judgments, or will the first judgment, and the proceedings at subsequent term, he considered as only one entire judgment, in pursuance of the act, 10th January, 1816, Digest, 241 ? 2nd: Had the Court the power to make the amendment?
To solve the first question, it must depend on inspection of the record and a reasonable construction of the whole put together. In this case there would be no difficulty if judgments were enrolled; if this one had been enrolled, the enrollment would present only one entire judgment, and ought to have been entitled, of October term, 1819: that is tire term of the original judgment, and then the old roll would have given place to the new one, and so there would have been no trouble on this, ground. 'Here, if the amendment is allowed, it is the opinion of the Court the first entry of this judgment must give place to the latter, and the latter is a judgment of the preceding, term of October, 1819, by intendment of law. From a view of the whole record in this case, the Court are of opinion that only one judgment is given in law, and that no recording order of the first entry is necessary, but it is sufficient to make a new enrollment, incorporating therein the amendment allowed. In this State, judgments ought to he enrolled, and if they were, orders correcting them would only appear on the minutes of the Court correcting them; here, the order of correction is not a part of the judgment, hut must, in all cases, he subsequent. On this point the Court see no cause of reversal.
As to the power of the Court to make the amendment, the rule is, that the Court may, at any time, amend mistakes of the Clerk, or a misprison of the Cleik, so long as dimunition may he suggested or a certiorari awarded; hut a mistake in the judgment of the Cou;t, in law, may not he amended at a subsequent term. If this he a clerical mistake, the amendment was proper. In the case of Short v. Coffin, Extr. 5th Bur. 2730, it was held by Lord Mansfield, that a judgment against an executor, ie bonis propriis, should he amended even after error brought and error assigned, and in smllo esi erratim, joined. And in the case Rees v. Morgan, 3 T. Rep. 350, the judgment was amended after error, because, the Court said, the judgment as prayed to he amended was the necessaiy consequence of the finding of the jury; and that, if the judgment should he reversed, the Court would award the judgment, pro retorna habendo, which was the amendment prayed. In this case, if error had been brought on the judgment by default, by all the defendants, the amendment must have bee® *17 awarded "by "this Court, as necessarily following tile proceedings in the Court below j and, upon the authority of the cases above cited, and believing that this was not an «error in the judgment of the Court below in point of law, the Circuit Court was warranted in making the amendment at the time it was made. Many other points, not mentioned in the assignment of errors, were relied on in argument, but as they ■were not assigned for error, the Court think itself not warranted in noticing them.
Let the judgment be affirmed.