APRIL TERM,
1839.

Stewart v. Small.

take into consid-
eration, at the
same time they
receive whatever
he may have ad-
mitted against his
own interest.

## Stewart v. Small.

1. A party to a suit cannot complain that the court erred in expound-
ing the law in his favor.
2. This may be a subject matter of complaint for the other party, but
not for the party in whose favor the error was committed.
3. A party will not lose the benefit of a verdict in his favor, on ac-
count of idle words spoken to a juror, by one of the crowd in the
court house; especially when no misbehavior is charged either on the
juror or on the party in whose favor the verdict was rendered.
4. This court will raise every reasonable presumption to sustain the
judgment of the circuit court.
5. Where a witness was in attendance part of the term, and then
absented himself before the trial, without leave, the court very pro-
perly refused to grant a new trial on account of the absence of such
witness.
6. The party in such case, was guilty of gross negligence in not hav-
ing demanded an attachment against his absent witness.

APPEAL from the circuit court of Benton county.

*McCord*, counsel for appellant.

*Winston*, counsel for appellee.

Tompkins, Judge, delivered the opinion of the court.

Small brought an action in the circuit court against
Stewart, and obtained a judgment, from which Stewart
appealed to this court.

The appellant took exceptions to certain instructions
given by the court, which are not incorporated in the bill
of exceptions, but referred to as copied below by the
clerk. He also moved to set aside the verdict, and for a
new trial, for reasons not set out in the bill of exceptions.
These reasons were contained in affidavits which the
clerk had copied and set out before the bill of exceptions,
where he ought not to have copied them, as they consti-
tute no part of the record till incorporated in the bill of

APRIL TERM, 1839.

Stewart v. Small.

exceptions. It may be further observed, that none of the evidence on which these instructions were given is preserved in the bill. I will, however, proceed to notice the several errors assigned, as if there were a good bill of exceptions.

The errors assigned and insisted on are: 1. That the court gave the seventh instruction. 2. That the court gave the ninth instruction. 3. That the court refused to set aside the verdict and grant a new trial, for reasons set out in affidavits filed. 4. Because the court refused to grant a new trial on account of the absence of a material witness who had been summoned and in attendance, but had absented himself before the trial.

Two other errors are assigned, being a mere repetition of what was before assigned, and therefore not urged.

This was an action for words spoken, charging the plaintiff with perjury.

1. The seventh instruction, which is the subject matter of the first assignment of errors, is, that unless the jury believe by the testimony of two witnesses, or by the testimony of one witness and circumstances equal to the testimony of another witness, that Small knew he had a claim to the improvement at the very time he swore he had no claim, they must find for the plaintiff. For the defendant below (appellant here) it was contended that, as in an indictment, the crime of perjury must be proved by two witnesses; so on a plea of justification in this action, the defendant could prove the facts alleged in justification by nothing less than two witnesses. Starkie (vol. 2, p. 879,) seems to declare this to be the rule of law; the consequence, then, would be, that the circuit court had expounded the law more favorably to the defendant than it ought to have done. This might have been a subject matter of complaint for the plaintiff to make, but surely not for the defendant.

A party to a suit cannot complain that the court erred in expounding the law in his favor. This may be a subject matter of complaint for the other party, but not for the party in whose favor the error was committed.

2. The ninth instruction, which constitutes the second ground of complaint, is, that the court told the jury that if they believed, from the testimony, that Small, while testifying before the justice, believed that Bullock had no claim to the land at the time of the sale, they must find for the plaintiff. The fact attempted to be set up and proved in the plea of justification is, that Small, in a trial before a justice of the peace, had sworn that he had no claim, by purchase or otherwise, to an improvement under Bullock, and that he had no claim whatever to said improvement; whereas, in truth and in fact, he had purchased it from Bullock. So that the error charged to

have been committed by the circuit court is, that the court used the word *improvement* instead of *land.* All the testimony being omitted, the whole matter might be dismissed as not before the court. It appears, however, from the argument of the cause by appellant's counsel, that Bullock had improved a lot of land belonging, probably, to the United States, and that the object of the defendant was to establish by evidence (what he had alleged in his plea) that Small had purchased this improvement; meaning thereby, if any meaning is to be given to the words, that Small had purchased Bullock's interest in this land in this, its improved state; which is nothing more nor less than the trespasser's right of possession against all but the United States. The common phrase of such proprietors, as Bullock is here represented to have been, is, that they sell their *labor* or their *improvement,* and not the land; and as the purchaser cannot avail himself of either the labor expended, or the improvement made on the land, without occupying and using the land itself, the judge of the circuit court might naturally enough, and correctly enough, have used the word *land* instead of *improvement* in giving his instructions to the jury. It is, indeed, to substitute the substance for the shadow—to give a word having a meaning for one having none, or, if any, one that is merely figurative; in doing which, as it appears to me, he committed no error.

3. The substance of the affidavit on which this charge of error is founded, is, that the court having taken a short recess, one Jonas Heath approached the jury, and told Richard Heath, his brother, and one of the jury, (although the jury had been instructed by the court to converse with no person not of their body about the subject matter of the suit,) that there was a party in the county who were trying to put down or break down the said Small, but that it could not be done, "for the said Small was a man of more sense than any in the county, or the smartest man in the county." No misbehavior is charged either on the juror, or on Small, the appellee. It might be enough to say that the appellant has not preserved this affidavit in his bill of exceptions; but lest it should seem to him that he fails in this point through a mere slip of his counsel, it will be observed that it would be hard for the appellee to lose the benefit of his verdict on account of idle words spoken to a juror by one of the crowd attending a court house. If this were to be established as a rule, no verdict would be safe. See Aubert v. Hardcastle, 6 Bacon, 670.

The appellant himself might instigate bystanders to

cially when no misbehavior is charged either on the juror or on the party in whose favor the verdict was rendered.

This court will raise every reasonable presumption to sustain the judgment of the circuit court.

Where a witness was in attendance part of the term, and then absented himself before the trial without leave, the court very properly refused to grant a new trial on account of the absence of such witness.

The party, in such case, was guilty of gross negligence in not having demanded an attachment against his absent witness.

address jurors in passing from the presence of the court to their rooms; and, for any thing known to this court, it might have appeared to the circuit court that the appellant himself did prompt Jonas Heath to address this conversation to the juror. We are bound to raise every reasonable presumption to sustain the judgment of the circuit court; and even admitting the affidavit to be a part of the record, there is nothing in it to preclude the idea that Jonas Heath was not instigated to this act by the appellant himself. This might, however, be too strong a presumption; but certainly nothing is detailed in that affidavit to cast any blame on either the conduct of the appellee or the juror. It is, then, my opinion that the verdict of the jury ought not to have been disturbed for any thing alleged under this head.

4. The appellant in his affidavit declares, in terms sufficiently plain, the materiality of his witness; that he had been summoned and in attendance part of the term of the court, and that he absented himself without the consent, &c. of the appellant; but he shows no exertions made to procure the attendance of this witness. It is very common, when witnesses have been as long in attendance as this one appears to have been, for them to go off, with the intention to return in time, and thus to be absent at the time of trial. The appellant must have been guilty of the most gross negligence not to have demanded an attachment for this witness; he might have been very easily produced, for any thing appearing to this court. No attachment was issued nor asked for. For any thing alleged under this head, the verdict, in my opinion, ought to stand.

For all the reasons above given, the judgment of the circuit court ought, in my opinion, to be affirmed; Judge Napton being of the same opinion, it is accordingly affirmed.