Clark vs. Holliday.

---

### CLARK vs. HOLLIDAY.

1: Where a defendant is not served with process, and does not appear to a suit by  attachment, the judgment upon publication of notice is a  special one, and does  not authorise an execution against any but the property attached.

2. If in such a case, if a general judgment be  erroneously  entered, it will not authorise an execution except against the property attached.

3. It is for the circuit court to determine whether an attorney has authority to appear in that court.

### ERROR  to  Callaway  Circuit  Court.

JONES for  Plaintiff.

#### POINTS AND AUTHORITIES.

1. From all that appears upon the record, J. Barton Bates had no authority either to practice as an attorney at law, or to prosecute the said notice for said defendant.   See 3rd Monroe, page 192; 6 Mo. Rep. 439; Theobald on Principal and Agent, page 244 and 256.

2. The judgment being general was not therefore void, and if not void, it was both binding and operative until reversed upon appeal or by writ of error. If the court have jurisdiction of the subject matter, and the party defendant have either actual or constructive notice of the proceeding against him, the judgment cannot be void, whatever the form thereof may be. I presume no rule of law is better settled than this. See the following authorities : 4 Peter's Rep. 471-2 ; 3d Scammon's Rep. 106 and 108; Starkie on Evidence, 2nd vol. p. 1278; Rev. Statutes of 1835, p. 469; sec. 7 and 13th clause; 1 Bibb. Rep. 346; 3 Monroe Rep. 195.

3. If the judgment is not void, then the execution being in due form of law, and substantially following it in all necessary particulars, was erroneously quashed. See Rev. Stat. 1835, page 82, sec. 51 and 1st and 2nd clauses.

GAMBLE & BATES, for Defendant.

For the defendant, Holliday, it is insisted, that it was wholly irregular and illegal to issue a general execution on that judgment record. The proceedings were under the Rev. Code of 1835, and that law expressly forbids such execution; title attachment, page 77, sections 10 and 11.

McBRIDE, J., delivered the opinion of the court.

Isaac Clark commenced in the Callaway Circuit Court, at the October term, 1843, his action against Marshall Holliday. The attachment was levied on the real estate of the def endant, and as to the defendant, returned "not found in Callaway county." At the return term, the defendant not appearing to the action, the plaintiff obtained an order of publication against him; and at the succeeding April term, 1844, the defendant still failing to enter his appearance, and publication having been made against him, the court entered a judgment of default, and awarded a writ of enquiry returnable to the next term of the court. At the October term, 1844, the damages of the plaintiff were assessed by a jury, and a general judgment rendered thereon. On this judgment an execution was issued to the sheriff of Callaway county, commanding him to make the damages and costs by a sale of the real estate attached. A sale was made which produced but a small fraction of the damages and costs, and the execution returned not satisfied as to the residue. Afterwards, on the 8th of May, 1845, a second execution was issued, directed to the sheriff of St. Louis county, and which

was returned by him to the October term, 1845, endorsed "satisfied," setting forth the manner, and further stating that since the money came to his hands it had been attached, and he summoned as garnishee by virtue of process emanating from the court of common pleas for St. Louis county, at the suit of the plaintiff against the defendant, and praying the order of the court as to what disposition he shall make of the money. At the return term of the last execution, the defendant by his attorney appeared in court, and filed his motion to quash the execution, assigning as reasons therefor, 1st. Because said writ was issued improvidently and by mistake: 2nd. Said writ was issued oppressively and fraudulently: 3rd. Said writ was issued unlawfully and without any warrant in law, being founded on an *ex-parte* judgment, rendered in a suit brought by attachment, in which said Holliday was not served with process, and did not appear by attorney." The court sustained the motion and quashed the writ; to which the plaintiff excepted and has brought the case to this court by writ of error.

The proceedings and judgment in this cause were had under the provisions of "an act to provide for the recovery of debts;" Rev. Code, p. 75, and the several supplemental acts thereto. By the fifth section of the general act among others, is a provision that if the defendant is personally summoned to answer the action, then the like proceedings shall be had between him and the plaintiff as in ordinary actions on contract and a general judgment may be rendered in the premises. But where the defendant does not voluntarily enter his appearance to the action and is not served with process, then the 11th section declares that the judgment taken by default shall bind only the property and effects attached, and no execution shall issue against any other property of the defendant, nor against his body; nor shall such judgment be any evidence of debt against the defendant in any other suit. The plaintiff having thus obtained his *ex-parte* judgment, it became necessary to throw around the defendant a further shield to protect him against the avidity of his creditor, and save the remaining part of his property from sacrifice; and this was done by the enactment of the second subdivision of the 51st section, which declares that where there is a special judgment against the property, money or effects attached the execution shall be a special *fieri facias* against such property, money or effects, only, and may be levied on the same, whether in the hands of the officer or secured by bond.

The judgment then, there being no personal service on, nor voluntary appearance of the defendant, should have been a special one, extending alone to the effects attached, and the execution should have follow-

ed the judgment.  And this upon principle, for the proceeding being *in rem*, it would be a strange anomaly to enter a general judgment against the defendant; such a judgment would transcend the jurisdiction of the court, which had no power on the person of the defendant.

It is contended that as the plaintiff has a general judgment, he is entitled to sue out an execution to any county in the state, and that the only remedy which the defendant has to avoid this consequence is to have the judgment corrected.  This might be well enough, but still we think the plaintiff had no right to complain, because the court would not permit him to avail himself of an error committed in rendering or entering up the judgment.  It cannot be seriously urged that any injury has resulted to the plaintiff by reason of the action of the court; or that the court did anything more than was its duty under the circumstances in this case.  It is the duty of the court at all times to see that its process is not used as the means of working injustice, or operating injuriously to the rights and interests of parties.  If the judgment had been properly entered, the plaintiff could not have obtained execution against any other property than that levied on belonging to the defendant, and to that extent he has already obtained execution.  But the judgment is an *ex parte* one, obtained at his own instance, and he cannot avail himself of any irregularity which, through inadvertence or othwise, may have occurred.

There was another point raised concerning the authority of the agent to appear, and file a motion to quash the execution; and authorities have been cited to show that after a party has been absent from the State for a great number of years, and without having been heard from, the court may require the agent or attorney to produce some evidence of his authority to act in the case.  This case bears no analogy to those, and if the circuit court was satisfied with the evidence produced, as the appearance was in his own court, we see no reason upon which an objection could be made here.

The other members of the court concurring, the judgment of the circuit court is affirmed.