### BOYD & MITCHELL vs. HOLMES.

Upon a petition to foreclose a mortgage, all the pleas having been overruled or stricken out, the court should have entered judgment by default for want of a plea, and assessed the damages immediately, they being liquidated by the instrument sued on, and no enquiry being necessary.

APPEAL from the Polk Circuit Court.

WINSTON, for Appellant.

#### POINTS AND AUTHORITIES.

The point relied upon by the plaintiffs, is, that the court ought to have given both the instructions asked for by the plaintiffs. The mortgage deed being the instrument sued upon, and being read in evidence to the court without any objections, was not only good evidence, but the very best that could have been offered; and the court in deciding that it was not sufficient to warrant a verdict for the plaintiffs, violated the plainest principle of evidence. The suit being for the simple foreclosure of the mortgage, and the deed being the foundation of the suit, it was the only evidence which was necessary to be produced, and in fact all that the plaintiffs could have been permitted to produce, unless the defendant had offered to impeach the deed

The error of the court in this case is so manifest, that I deem it wholly unnecessary to adduce any authority.

Armstrong vs. McMillon.

SCOTT, J., delivered the opinion of the court.

This was a petition to foreclose a mortgage by the appellants against the appellee, who filed several pleas to the suit. They were all either stricken out or overruled, and it appears the cause was then submitted to the court, although there was no issue. The mortgage was read, and the plaintiff asked the court to declare the law to be, that he was entitled to recover. The court refused to do so and the plaintiff excepted, and took a non-suit, and after an unsuccessful motion to set it aside, appealed to this court.

There being no plea in the cause, the truth of the petition stood admitted, and it was the duty of the court to have entered judgment by default, for want of a plea, and to have assessed the damages immediately; no writ of enquiry being necessary, as the damages were liquidated by the instrument sued on.

The other Judges concurring the judgment will be reversed, and the cause remanded.