WILLIAM MASSEY, Respondent, *v.* OLIVER SCOTT, Appellant.

1. *Attachment — Affidavit, sufficiency of.* — *Semble,* that an affidavit in an attachment suit that deponent "has good reason to believe that defendant has absconded," etc., without alleging that "he does believe," etc., is sufficient.

2. *Attachment — Judgment, general — Valid, when.* — Where suit is begun by publication and attachment, judgment will bind only the property attached ; but a general judgment in such case, although informal, is nevertheless valid till reversed, and will authorize the issue of a special execution against the property attached, and is such a judgment as a court would at any reasonable time correct by an entry *nunc pro tunc.*

*Appeal from Greene Circuit Court.*

*F. P. Wright* and *J. F. Hardin,* for appellant.

To have been strictly regular and formal, the judgment should have ordered a special execution upon the property attached. But the omission in the form of the judgment could not vacate the attachment lien. It was one of those irregularities in form which might at any time have been corrected *nunc pro tunc.*

This order for a general execution includes a warrant for one of more limited or special character, as the minor warrant is obviously comprised under the greater. (2 Greene, Iowa, 385.)

*Sherwood & Young,* for respondent.

I. The case of Cornill v. Doolittle, 2 Greene, 385, relied on by appellant, is not supported either by reason or authority, and is based on a statute widely differing from ours. Our statute (R. C. 1855, pp. 250–51, §§ 42–4 ; *id.* 256–7, §§ 60–1) clearly

Massey v. Scott.

indicates and provides in what form and manner judgments shall be rendered in attachment cases. In Clark v. Halliday, 9 Mo. 702, it is expressly held that in an *ex parte* attachment proceeding the court would transcend its jurisdiction in rendering a general judgment against the defendant. If an execution can issue upon a judgment with which it does not conform, *a fortiori* may one issue which does conform to the judgment; so that a plaintiff in an *ex parte* attachment cause, by taking a general judgment, may stretch the jurisdiction of the court and sell all the debtor's property, whether attached or not. But "it is an unquestionable rule that the execution must pursue and be warranted by the judgment, to render it valid." (Palmer v. Palmer, 2 Conn. 462, and cases cited; Cutler v. Wadsworth, 7 Conn. 6, and cases cited.) The question here is not whether the judgment can be doctored with a *nunc pro tunc*, as this was not done.

II. The affidavit in the case of Waddel v. Jones is fatally defective, in that it does not allege the existence of any fact which, under our statute, would authorize the issuance of a writ of attachment. It only alleges that "affiant has good reason to believe that defendant has absconded," etc. The affidavit in an attachment cause is a jurisdictional fact and the basis on which all subsequent proceedings therein must rest, and if it be not in conformity with the statute, every other step will be *coram non judice*. (Drake Attach., §§ 84, 88; Talbot v. Woodlee, 19 Wis. 174, and cases cited; Staples v. Fairchild, 3 Comst. 41; Maples v. Tunis, 11 Humph. 108; Conrad v. McGee, 9 Yerg. 428; Page v. Ford, 2 Sm. & M. 266; Clark v. Roberts, Breese, 222; Smith v. Bouchier, 2 Stra. 993; Smart v. Howe, 3 Gibbs, Mich., 590; Buckley v. Loury, 2 Gibbs, 418; Forbes v. Hyde, 31 Cal. 342; Harrington v. Loomis *et al.*, 10 Minn. 366; Stadler v. Parmlee & Watts, 10 Iowa, 23; Miller v. Brinkerhoff, 4 Denio, 118; Pool v. Webster, 3 Metc., Ky., 278; Gunnar v. Raymond, 1 Conn. 40, and cases cited.)

ADAMS, Judge, delivered the opinion of the court.

This was ejectment for land in Webster county, the case having been sent to the Greene Circuit Court by change of venue.

It was admitted that R. M. Jones was the common source of title. The plaintiff relied on a deed executed to him by Jones, of date January 1, 1868. It was admitted that defendant was in possession of the premises at the commencement of the suit, as tenant of A. Caldwell, and that the value of the rents and profits was $60 per annum.

The defendant relied on a deed to his landlord, Caldwell, for said premises, from the sheriff of Webster county, dated April 25, 1866, which purports to convey the premises as the property of said Jones, under and by virtue of a sale under a special execution issued on a judgment rendered in the Circuit Court of Polk county on the 30th of March, 1865, in favor of John S. Waddel and against said Jones. Said deed also recites that a writ of attachment issued in said cause on the 23d of September, 1863, and was levied on the next day on the premises sued for as the property of said Jones. The transcript of the record in said attachment was read in evidence, and showed that the suit was commenced in Webster by attachment, on affidavit that the affiant "has good reason to believe that defendant has absconded," etc., without alleging that he does believe, etc. There was no personal service, but the defendant Jones was notified by order of publication, the attachment case having been transferred by change of venue to Polk Circuit Court. This transcript also shows that a general judgment was rendered in the attachment suit against Jones, and that a special execution was issued to Webster county, commanding the sheriff to levy the same on the attached property. The transcript also shows the return of said sheriff thereon, showing a sale of the property as recited in the sheriff's deed to Caldwell.

The plaintiff asked several declarations of law, to the effect that the general judgment rendered in the attachment suit of Waddel v. Jones—there being no personal service and no appearance to the action, and the defendant only being notified by order of publication—is an absolute nullity, and the special execution issued on said judgment against the attached property, and the sale thereunder and the sheriff's deed, are void; that an execution must conform to the judgment, etc.

The defendants asked several declarations of law which were refused, and those of the plaintiff given, and the court thereupon gave judgment for plaintiff.

It is a plain proposition that the judgment in Waddel v. Jones could bind only the attached property. The point raised here is that this judgment is absolutely void in a collateral proceeding; that it had no binding force whatever, and that the execution, which is special against the attached property, is equally void because it does not conform to the judgment.

The principle is too well settled in this State to be controverted, that a judgment pronounced by a competent court against a party having actual or constructive notice of the suit, must be regarded as valid in all co-ordinate tribunals. The distinction is between judgments that are absolutely void and such as are only voidable on error, or by some direct proceeding for that purpose.

It is equally well settled here, that to give a court jurisdiction in this State by order of publication, it must be a proceeding in the nature of a proceeding *in rem*. It may be by an attachment against property, or the title to real property may be sought to be changed, or the *status* of husband or wife may be brought before the court in suits for divorce, etc. In this kind of cases the jurisdiction of the court is sustained by reason of the subject-matter to be adjudicated upon before the court. So, in the case of Waddel v. Jones, the court obtained jurisdiction by the levy of the attachment. And after the order of publication had been duly published, the jurisdiction was complete to render a judgment binding the attached property. This judgment, though informal, was still a valid judgment until set aside or reversed, and it is such a judgment as the court would at any reasonable time correct by an entry *nunc pro tunc*. The execution could only go against the attached property. Even if there be error in the judgment, the execution is right. It went against the only property over which the court had jurisdiction.

If a general execution had been issued and levied on property other than the attached property, the levy and sale under it would have been void. (Clark v. Holliday, 9 Mo. 702.) But such errors as exist in the case of Waddel v. Jones cannot be taken advantage

of in this ejectment. (See Cornill v. Doolittle, 2 Greene, Iowa, 385; Buckmaster v. Carlin, 3 Scam. 104; Cooper v. Reynolds, 10 Wall. 308; Hollingsworth v. Barbour, 4 Pet. 471; 6 Curtis, 154; Winston v. Affalter, *ante*, p. 263.)

The judgment must be reversed and the cause remanded. The other judges concur.