———o———

BENJAMIN F. JONES, Defendant in Error, *vs.* RICHARD HART, Plaintiff in Error.

1. *Attachment—Appearance of defendant—Special judgment against attached property, when erroneous—Amendment of, at subsequent term, for irregularity, etc.—What will be ordered by the Supreme Court.*—Where defendant in a suit by attachment appears to the action, a special judgment condemning the attached property to be sold, is erroneous; as defendant may have other property with which to satisfy the judgment, and would then have a right to elect what property shall be sold. (Kritzer vs. Smith, 21 Mo., 296.) But presumptively such judgment is that of the court and not an error of the clerk and it

| 60 | 351 |
| 31a | 534 |
| 60 | 351 |
| 44a | 470 |
| 60 | 351 |
| 45a | 205 |
| 60 | 351 |
| 56 | 614 |
| 60 | 351 |
| 65a | 101 |
| 60 | 351 |
| 75a | 296 |
| 60 | 351 |
| 80a | 182 |
| 60 | 351 |
| 164 | 359 |
| 60 | 351 |
| 92a | 172 |
| 60 | 351 |
| d170 | 596 |
| 171 | 504 |

cannot be set aside, at a subsequent term, on the ground of clerical mistake where nothing in the record or the judge's docket, or clerk's minutes, or papers on file, shows such mistake; nor can such judgment be set aside for irregularity or informality. (What constitutes irregularity in judgments, considered.) But where such judgment is brought before the Supreme Court, that tribunal will enter up a general judgment in accordance with the statute (see Wagn. Stat., p. 188, § 36; p. 189, § 40), or remand the cause to the Circuit Court, with directions to do the same thing.

2. *Judgment cannot be expunged at subsequent term for lack of docket entries, etc., to prove its rendition.*—A judgment cannot be expunged at a term subsequent to that of its rendition, on the ground that neither the judge's docket nor the clerk's minutes show the rendition thereof. In such case the record of the judgment imports absolute verity and cannot be assailed for the lack of such vouchers.

PER SHERWOOD, J., dissenting.

3. *Attachment—Appearance—Special judgment—Error, presumptively that of clerk—Correction may be made on verdict and files—Erroneous judgment amendment of under statute of jeofails—Entry nunc pro tunc not revisable, when.*—In an attachment cause, where the defendant is served with process or appears to the action,

1st. A general judgment follows the verdict for the plaintiff as a legal conclusion; and if by reason of clerical mistake, such judgment is not entered, but the clerk, by mistake, enters instead thereof, a *special* judgment, the facts by which the proper amendatory entry can be made, are furnished by the verdict and files in the cause; and such entry may be directed by the court at a subsequent term. And when there is doubt as to whether the improper entry was, in fact, made by the clerk or the court, the presumption will be that the judgment was correctly rendered on the verdict, and incorrectly entered. 2nd. But even where the judgment itself is apparently erroneous, if the amendment is not "against the right and justice of the matters in suit" (Wagn. Stat., 1037, § 20), the court possesses the power under the statute of jeofails (see Wagn. Stat., 1034–5, § 6; 1036, § 19; 1037, § 20), to amend it at a subsequent term. And such amendatory judgment should not work a reversal unless "error" was thereby committed "materially affecting the merits;" (Wagn. Stat., 1067, § 33.) And the fact that the amendment is not such "error" is conclusively shown by a mandate from the Supreme upon Circuit Court to make the same amendment. 3rd. And, in any event, where the appeal is taken from the judgment entered *nunc pro tunc*, and not from the judgment originally entered, the one last named cannot be revised in the Supreme Court.

*Error to DeKalb Circuit Court.*

*M. A. Low*, for Plaintiff in Error.

I. The judgment, as originally entered, was erroneous, (Kritzer vs. Smith, 21 Mo., 296.)

II. The minutes of the court do not show that any judgment was ever ordered on the verdict.

III. The failure of a court to act, or its incorrect action, can never authorize a *nunc pro tunc* entry. If no judgment is rendered, or if an imperfect one is rendered, the court has no power to remedy any of these errors or omissions by treating them as clerical misprisions.

In all cases in which such an entry can be made, the record must show the facts authorizing it; and this power should be exercised, with great caution. (Hyde vs. Curling, 10 Mo., 359; Gibson vs. Chouteau, 50 Mo., 85; Groner vs. Smith, 49 Mo., 318; Gray vs. Brignadello, 1 Wall., 627; State vs. Fields, Peck [Tenn.], 140; Powell vs. Commonwealth, 11 Gratt., 822.)

Such entries cannot be made from outside evidence or from facts existing alone in the breast of the court, after the end of the term at which final judgment was ordered. (Saxton vs. Smith, 50 Mo., 490; State vs. Smith, 1 Nott & M., [S. C.] 16.)

A general judgment cannot be amended *nunc pro tunc* at a succeeding term, so as to make it a special judgment; and hence a special judgment cannot be amended so as to make it general. (Green vs. Dodge, 3 Ohio, 486; see Pockman vs. Meatt, 49 Mo., 345.)

In this case the evidence on which the amendment was made is saved by the bill of exceptions, and there is nothing appearing of record to warrant the amendment. The court must have made it either without evidence, or from matters wholly within the breast of the court.

*Wm. Henry, with Strongs & Hedenberg,* for Defendant in Error.

I. To affirm the case the respondent relies upon the law as often declared by this court, and the uniform usage of the courts of record in this State. (DeKalb Co. vs. Hixon, 44 Mo., 341; Gibson vs. Chouteau's Heirs, 45 Mo., 171; Massey vs. Scott, 49 Mo., 278; Horstkotte vs. Menier, 50 Mo., 158; Mann vs. Schroer, 50 Mo., 306; Priest vs. McMaster, 52 Mo., 60; Jones vs. St. Joseph Fire & Mar. Ins. Co., 55 Mo., 342.)

II. In making the *nunc pro tunc* entry the court found the facts, and the whole matter having been before that court, this court will not disturb its finding.

HOUGH, Judge, delivered the opinion of the court.

At the October term, 1873, of the DeKalb Circuit Court, in an action by attachment, to which the defendant appeared, a verdict was rendered in favor of plaintiff, and against the defendant, for the sum of four thousand six hundred and thirty-four dollars and ninety one cents, on which verdict a judgment was entered of record, for the recovery of said sum, and directing the property attached to be sold; and if it should be found insufficient to satisfy the judgment, then directing a levy to be made upon other property of the defendant.

At the April term, 1874, the defendant filed a motion asking the court to correct the record, by expunging and setting aside the entry of final judgment entered on the judgment record, and for the reason that said final judgment of recovery in favor of plaintiff, and against defendant, was entered by the clerk without authority—no such judgment having been given by the court in said cause, as appears from the minutes of the court; 2nd, because the minutes of the court from which said judgment was made up, were insufficient to support said judgment, or any judgment against this defendant.

On the succeeding day the plaintiff filed the following motion:

"Comes now the plaintiff and shows to the court that in the entry of the judgment in the cause, at the October term, 1873, the clerk of this court, without authority of the court, and without authority of law, entered in said judgment the following words at or near the end of his judgment entry 'and if the same shall not be sufficient, then the remainder shall be levied of the remaining real estate or goods and chattels of the defendant, and that execution issue in accordance with the terms of this decree;' and plaintiff further shows that at said term, the order of this court upon the rendition of the verdict of the jury was that the judgment of the court be a

general judgment for the amount of said verdict, and a general execution thereon, as provided by law; that said clerk failed to enter said order for execution on his record of his judgment; wherefore plaintiff asks the court to order the clerk of this court, now for then, to enter the proper judgment and order for execution, as ordered by the court aforesaid, and order for sale of attached property, as by the order of the court and the law provided."

The two motions were, by consent, heard together, and the only evidence introduced, or offered, by either of the parties, was the entry made by the clerk in his minutes, together with the entry made by the judge in his docket, at the time of the rendition of the verdict.

The clerk's entry, after entering the cause, was "jury return their verdict for plaintiff and assess his damages at $4,634.91." The entry made by the judge was "sub. to jury and verdict for $4,634.91." Whereupon the court overruled the defendant's motion and sustained that of the plaintiff, and directed the clerk to enter of record, as of the October term, 1873, a general judgment as provided by law in such cases, to which rulings and action of the court, the defendant excepted and now brings the case here by writ of error.

It is quite clear that as the defendant appeared to the action, the original judgment in this case condemning the attached property to be sold was erroneous. Such was the decision of this court as to a similar judgment in the case of Kritzer vs. Smith, 21 Mo., 296, Scott, J., delivering the opinion of the court.

Nothing appears in the record which would warrant us in pronouncing it to be *a mere clerical mistake*, and subject to correction as such. Judgments are presumed to be rendered *by the court* and cannot be considered to be merely *the act of the clerk*, and all errors therein to be his misprisions. If it appeared from the record, the judge's docket, or the clerk's minutes, or any paper on file connected with the cause, *that the court had rendered a general judgment and the clerk had entered up the judgment awarding special execution*, now

sought to be expunged by one party, and to be corrected, by the other, the action of the court in directing a *nunc pro tunc* entry, *would be sustained;* but it has been expressly decided by this court that such entries cannot be made "from outside evidence, or from facts existing alone in the breast of the judge, after the end of the term at which the final judgment was rendered." (Saxton vs. Smith, 50 Mo., 490; Pockman vs. Meatt, 49 Mo., 348; Dunn vs. Raley, 58 Mo., 134; Fletcher vs. Coombs, 58 Mo., 430.) The court erred, therefore, in directing the entry of a general judgment, *nunc pro tunc.*

On the other hand we are of opinion, that the motion of the defendant to expunge the judgment, on the ground that there was no entry in the judge's docket, or in the clerk's minutes, showing that such a judgment, or that any judgment had been rendered, was properly overruled. The judgment was of record, the term had passed, and the record imported absolute verity and could not be assailed in that manner. It needed no such vouchers for its authenticity as docket entries and clerk's minutes. These might be sufficient to authorize the court to enter up a judgment which was really rendered, but had no record existence; but their absence cannot destroy the verity of a judgment, which *is* of record. Such a doctrine would imperil the existence and authority of all judicial records.

We have attentively considered, whether the action of the Circuit Court may not be upheld, by regarding the original judgment as having been set aside for irregularity, and the *nunc pro tunc* entry as an entry of judgment on the verdict. But an insuperable obstacle to this view of the case is, that the original judgment cannot be held to have been irregular. It was regularly rendered after the verdict, in strict accordance with the rules of law and the practice of the courts, and is wholly unobjectionable, except as to the relief afforded.

"An irregularity may be defined to be the want of adherence to some prescribed rule or mode of proceeding; and it consists either in omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an

unseasonable time, or improper manner.   *   *   A judgment by default is irregular when the defendant, in an action not bailable, has not been served with a copy of process, or there has been no declaration regularly delivered or filed, and notice thereof given to defendant; or when it is signed before defendant's appearance, or without entering a rule to plead, or demanding a plea when necessary; before the time for pleading has expired, or after a plea has been regularly delivered or filed." (Tidd's Prac., 512, 513.) We are not aware of any case where a judgment, such as that under consideration, has been held to be merely irregular. (Stacker vs. Cooper Circuit Court, 25 Mo., 401; Doan vs. Holly, 27 Mo., 256; Moss vs. Booth, 34 Mo. 318; Lawther vs. Agee, Id., 372; Harkness vs. Austin, 36 Mo., 47; Downing vs. Still, 43 Mo., 309.) Nor can this judgment be considered as simply informal. It errs in matter of substance; it gives rights and takes away rights, by its terms, not warranted by law, and is therefore erroneous. Being subject to review only for error, therefore, were we to stop here, it would be left in full force, under circumstances which might deprive the party interested, of all future relief. The defendant is entitled to elect what property shall be first sold, and we cannot deprive him of that right. The entire record has been brought here, though in a much abbreviated form, by the present writ of error, and it appearing therefrom that the original judgment is manifestly erroneous, we might, as was done in Kritzer vs. Smith (21 Mo., 296), enter the proper judgment in this court; but we are of opinion that the original judgment, and the judgment *nunc pro tunc*, should be reversed, and that the cause be remanded, with directions to the Circuit Court to enter up a general judgment on the verdict, in accordance with the statute. We have thus directed to be done, only what the Circuit Court had in effect already done; but, to preserve the integrity of judgments, the restrictions imposed by law as to their vacation, or modification, after the term has lapsed at which they were rendered, must be strictly upheld; and we cannot sanction the unlawful exercise of powers by the Circuit Courts, which belong alone to this court.

All the judges concur, except Judge Sherwood, who dissents.

PER SHERWOOD, Judge, dissenting.

I have been unable to concur in the above opinion and will briefly give the reasons which have induced my dissent.

The inherent power of a court of record to correct the mistakes of its clerk, by amending the record, in accordance with the facts patent of record, has never before been called in question. It is a doctrine of universal recognition. In Short vs. Coffin, Extr., 5 Burr, 2730, it was held by Lord Mansfield, that a judgment against an executor *de bonis propriis* should be so amended as to become one *de bonis testatoris*, and this, even after error brought. and error assigned,' and *in nullo est erratum* joined. So, also, in Rees vs. Morgan (3 T. Rep., 350), an action of replevin, the defendant had a verdict, but the judgment rendered was not in conformity thereto, in that it failed to award to him a return of the property, and yet after error, the judgment was amended in the particular referred to, and the reason given by the court in each of the instances cited, was, that the judgment as amended, *"was the necessary consequence of the finding of the jury."*

The verdict of the jury, in those cases I have noted, was the *sole* basis of the amendments desired and made ; and it does' not seem to have occurred to the learned judges who there presided, that they were doing an unwarrantable or unprecedented act in refusing to treat a mere clerical misprision as the *error of the court*, notwithstanding that the judgment as entered in the one instance, gave execution against the property of the *executor*, instead of against that of the *testator*, and refused in the other, to award a return of the property found by the jury to be that of the defendant. It is a fixed principle, that a judgment *de bonis propriis* will not lie against an executor in a first suit, and that the legal judgment for a defendant in replevin is one of *returno habendo* ; and it was upon that precise principle that the above cited cases proceeded, when amending the judgments in conformity with the verdicts, and in accordance with the operation of law.

Jones v. Hart.

And I claim the application of a like principle to the case at bar.

Upon the rendition of a verdict for the plaintiff, in an attachment cause, where the defendant is served, or appears, a *general* judgment follows the verdict, as a *legal conclusion;* (Wagn. Stat., 189, § 40) and if by reason of clerical mistake, such judgment is not entered, the facts by which the proper amendatory entry can be made, are furnished by the verdict and files in the cause, just as in the present case, and this is amply sufficient for that purpose, or else all our decisions hitherto made, are at fault. (Hanley vs. Dewes, 1 Mo., 16; Hickman vs. Barnes, Id., 156; Hyde vs. Curling, 10 Mo., 359; State vs. Clark, 18 Mo., 432; DeKalb Co. vs. Hixon, 44 Mo., 341; Gibson vs. Chouteau's Heirs, 45 Mo., 171; Massey vs. Scott, 49 Mo., 278; Groner vs. Smith, Id., 318; Benoist, Ex'r, vs. Christy, 50 Mo., 145; Priest, Adm'r, vs. McMaster, Adm'r, 52 Mo., 60; Jillett vs. Union Nat. Bk., 56 Mo., 304.)

I will now briefly notice some of the more prominent of these cases.

In Gibson vs. Chouteau's Heirs, (45 Mo.,) Wagner, Judge, said :

" Where the clerk fails to enter judgment, or enters up the *wrong judgment,* there is no doubt about the existence of power in the court to correct the matter, and order the proper entries to be made at *any time.*"

In Massey vs. Scott, (49 Mo.,) the judgment in question was a general one, rendered in an attachment cause, where the defendant was notified by publication, and did not appear, and yet Judge Adams did not, in delivering the unanimous opinion of the court, at all hesitate in declaring: " This judgment, though informal, was still a valid judgment until set aside or reversed, and it is such a judgment as the court would at any reasonable time correct by an entry *nunc pro tunc.*"

Now, if a *general judgment,* rendered upon constructive notice in an attachment proceeding, may be amended to a *special* one, does it not follow, with conclusiveness, that the converse of this proposition must also be true?

It has long been held in this State, that the classification of a demand has the force and effect of a judgment. In Jillett vs. Union National Bank, *supra*, in indorsing a memorandum on the claims, the Probate Judge made an endorsement on them, by which they were assigned to the 5th, instead of to their proper, the 6th, class; and the clerk, misled by such memoranda, conformed his record entries thereto.

This court, however, unanimously held, that the necessary correction could be made by an appropriate entry, whereby the *class* could be *changed*, long after the term had passed.

And in that case it is note-worthy that the only *datum* for such amendment was, it appeared on the face of the claims, that by *operation of law*, they should have been placed in the 6th and not in the 5th class of demands.

And this ruling was made, notwithstanding that the case of Miller vs. Janney's Ex'r (15 Mo., 265), was expressly urged upon our attention, where it was held that a court could not, at a subsequent term, change the class to which a demand had been assigned. And our decisions on the point involved here, except the one under discussion, are in full accord with the rulings of courts elsewhere. (Balch vs. Shaw, 7 Cush., 282; Allen vs. Bradford, 3 Ala., 281; Glass vs. Glass, 24 Id., 468; Frink vs. Frink, 43 N. H., 508; Usher vs. Dansey, 4 M. & S., 94; Atkins vs. Sawyer, 1 Pick., 351; Hall vs. Williams, 1 Fairf., 278; Close vs. Gillespey, 3 Johns., 526; Waldo vs. Spencer, 4 Conn., 71.) The case of Kritzer vs. Smith (21 Mo., 296), is by no means in point here, for there, no question was raised or doubt entertained but that it was the act of *the court* which resulted in a special, when it should have been a general judgment; nor was there any motion made for the correction of the entry complained of.

Here the very point in dispute is, whether the judgment as engrossed, was the act of the court or the unauthorized act of the clerk.

In such a case, if our former rulings are of any binding force, every presumption must favor and attend the judgment of the court below. (Stewart vs. Small, 5 Mo., 525; Vaughan

vs. Montgomery, Id., 529 ; Small vs. Hempstead, 7 Mo., 373 ; Walter vs. Cathcart, 18 Mo., 256 ; State vs. Rogers, 36 Mo., 138.)

And, therefore, it ought to be presumed, that the court gave the proper judgment on the verdict, and that it was the clerk's mistake which caused the informal entry. But I confidently maintain that under the extremely liberal statute of jeofails, Wagn. Stat. (1034–5–6–7, §§ 6, 19, 20), a court possesses the power to amend at a subsequent term, even an apparently erroneous judgment ; for § 6, *supra,* provides : "That after final judgment rendered in any cause, the court may, in furtherance of justice, and on such terms as may be just, amend, in affirmance of said judgment, any record, pleading, process, entries, returns, or other proceedings in such cause, by adding or striking out the name of a party, or by correcting a mistake in the name of a party, *or a mistake in any other respect,* or by rectifying defects or imperfections in *matters of form,* and such judgments shall not be reversed, or annulled therefor."

And § 19, *supra,* makes ample provision for the amendment of mistakes and misprisions of the clerk, of almost every conceivable character, and especially in respect to "*any informality in entering a judgment or making up the record thereof.*"

And § 20, *supra,* as if to "make certainty doubly sure," provides : "The omissions, imperfections, defects and variances in the preceding section enumerated, *and all others of a like nature, not being against the right and justice of the matter in suit, and not altering the issues between the parties on the trial, shall be supplied and amended by the court where the judgment shall be given, or by the court into which such judgment shall be removed by writ of error or appeal.*"

It must be obvious in the case before us, that the amendment made by the court below did not, and could not, alter the issues between the parties on the trial ; and it is equally obvious, that it was not "against the right and justice of the matter in suit."

Again, this court is expressly inhibited, by § 33, p. 1067 of the Practice Act, from reversing " the judgment of any court unless it shall believe that error was committed by said court, against the appellant or plaintiff in error, *and materially affecting the merits of the action.*

That no such error was, in the estimation of this court, committed, is palpably and conclusively apparent from the fact that while the judgment entered *nunc pro tunc* by the trial court is reversed, the mandate goes that that court shall re-enter the *same* judgment.

But aside from the foregoing remarks, a barrier, altogether insuperable to any consideration of the correctness of the judgment as *first entered*, is presented in the fact that no appeal was taken from that judgment, and consequently, it was incapable of revision here.

Viewed, then, in any light, I cannot yield assent to the conclusion reached by my associates.

I am for affirming the judgment.