OWERS v. INGRAM, *Plaintiff in Error.*

**Costs, when Amount Recovered is Below Jurisdiction of the
Court:** JUDGMENTS, CONCLUSIVENESS, AND PRESUMPTIONS IN FAVOR
OF.   In an action to recover $500 damages for breach of contract,
the circuit court rendered judgment in favor of plaintiff for $1 dam-
ages, and $264.50 costs.   *Held,* that it would be presumed in favor
of the judgment, that the court was of opinion that the plaintiff
had, at the commencement of the action, reason to believe that he
was justly entitled to recover a sum within the jurisdiction of the

court, as otherwise, under section 996 of the Revised Statutes of 1879, the costs should have been adjudged against the plaintiff. *Held*, further, that the judgment was conclusive evidence of a finding by the court that such was its opinion, and that it had no power to set aside such judgment at the succeeding term.

*Error to Nodaway Circuit Court.* — Hon. H. S. KELLEY, Judge.

REVERSED.

*Johnston & Jackson* for plaintiff in error.

.  *James Monier* for defendant in error.

HOUGH, J.—This was an action instituted in the circuit court of Nodaway county to recover $500 damages for breach of contract of lease. There was a verdict for the plaintiff for the sum of $1, and judgment was entered against the defendant for said sum, and for all costs. Section 996 of the Revised Statutes provides, that where the plaintiff's claim has not been reduced by set-off, and he shall recover an amount below the jurisdiction of the court, the costs shall be adjudged against him, " unless the court shall be of opinion from the evidence that the plaintiff had, at the time of the commencement of the suit, reasonable grounds to believe that he was justly entitled to recover judgment for an amount within the jurisdiction of the court." The judgment, after reciting the trial and verdict of the jury, concludes as follows: " It is, therefore, considered and adjudged by the court that plaintiff have and recover of defendant the said sum of $1, the damages by the jurors aforesaid, in form aforesaid, assessed, together with the costs and charges herein expended, taxed at $264.50, and have thereof execution." At the next succeeding term the defendant filed a motion to re-tax the costs, on the ground that the court did not, at the term at which said cause was tried, find that plaintiff had reasonable ground to believe that he was justly entitled to recover

an amount within the jurisdiction of the court.   This motion the court overruled, and thereupon set aside the judgment entered at the previous term, on the ground that it was unauthorized, and rendered a judgment for $1 and costs, reciting therein that the court found that plaintiff had reasonable ground to believe that he was justly entitled to recover an amount within the jurisdiction of the court.

The judgment first rendered was sufficient.   As the court could not legally tax the defendant with the costs unless it was of opinion from the evidence that the plaintiff had reasonable ground to believe he was justly entitled to recover a sum within the jurisdiction of the court, and as that judgment did tax the defendant with the costs, and as it was solely within the discretion of the trial court whether they should be so taxed, it must be presumed, and indeed we may say that the judgment itself is conclusive that the court was of opinion that the plaintiff had reason to believe he was entitled to recover a sum within its jurisdiction.   *Hannan v. Shotwell*, 55 Mo. 429.   The court had no authority to set aside this judgment and render another judgment at the succeeding term, and its action in that regard is reversed.   *Jones v. Hart*, 60 Mo. 356.   This leaves the original judgment, which taxes the defendant with the costs, in full force.   The other judges concur.