STATE OF MISSOURI, EX REL. THOMAS WALSH, *v.* CHARLES F. VOGEL, Respondent.

June 19, 1883.

1. JUDGMENTS BEAR INTEREST. — Every judgment in a civil action bears interest, though it be not therein expressed, at the rate which the cause of action bore.

2. —— MANDAMUS — EXECUTIONS. — A judgment founded upon another judgment which bore ten per cent interest being paid with six per cent thereon, *mandamus* will lie to compel the clerk of the court to issue execution for the balance of four per cent.

3. —— PRACTICE — CLERKS. — The judgment being silent as to interest, it is the duty of the clerk to ascertain from the record the rate of interest which it bears.

4. ADMINISTRATION — JUDGMENTS. — An order upon an administration by the probate court to pay over a sum of money is a judgment.

APPLICATION for *mandamus.*
*Peremptory writ awarded.*
G. M. STEWART, for the relator.
JAMISON, COLLINS & JAMISON, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

This was an application for an alternative writ commanding the respondent, who is clerk of the St. Louis circuit court, to issue execution upon a certain judgment in favor of plaintiff's relator, or show cause why he should not do so. The alternative writ was waived. Respondent appears and demurs to the petition. The facts which are admitted by the demurrer are as follows : —

Thomas J. Dailey was administrator of the estate of James Roddy. Dailey, as administrator, began a replevin suit against one Patrick Roddy to obtain possession of certain personalty which Dailey claimed as belonging to the estate of his intestate. Walsh, the relator here, was one of the sureties on the replevin bond. Judgment was against Dailey in the

replevin suit for the value of the property and costs. Execution was issued on this judgment against Walsh, under which he was compelled to pay $3,088.60. On motion, under the statute, in the circuit court, plaintiff recovered against Dailey, as administrator, on account of these matters. The judgment upon the motion was, "that said Thomas Walsh recover of said Thomas J. Dailey, administrator of the estate of said James Roddy; and, that said Thomas J. Dailey, as said administrator, pay over to said Thomas Walsh, out of the assets and properties of said estate, the sum of $3,283.20, with ten per cent interest from this date, till the said amount is paid, together with the costs of this motion." Dailey, not having obeyed this order of court, Walsh brought suit against him and the sureties upon his bond, as administrator, in which action Walsh obtained judgment for the penalty of the administration-bond against the sureties, Farrar and Cavender. This judgment recites that the court "doth assess his damages, by reason of the breaches in the petition mentioned, at the sum of $3,297.20. It is, therefore, considered by the court that plaintiff recover of the defendants the debt and damages aforesaid, as found and assessed, and have execution against them for said damages and for the costs and damages herein expended." This judgment, on appeal, was affirmed, both by the court of appeals and by the supreme court. The breaches mentioned in the petition were the matters set out above. Afterwards, on April 5, 1883, the defendant Farrar paid all costs, and also paid to Walsh $4,162.75, being the amount of damages assessed in the circuit court with interest at six per cent from date of the judgment. No more has been paid; and Walsh has demanded of the circuit clerk to issue execution for the balance of $900, which he claims he ought to have, on the theory that the judgment bears interest at ten per cent. The clerk refuses to issue execution, on the ground that the judgment bears interest at six per

cent, and is, therefore, satisfied by the payment by Farrar on April 5th.

It is only by virtue of the statute that a judgment bears any interest. Freem. on Judg., sect. 441. The statute provides (Rev. Stats., sect. 2725) that "interest shall be allowed upon all money due upon any judgment or order of any court, from the day of rendering the same until satisfaction be made by payment. All such judgments and orders for money upon contracts bearing more than six per cent interest shall bear the same interest borne by such contracts ; and all other judgments and orders for money shall bear six per centum per annum until satisfaction is made."

The judgment on the motion of Walsh against Dailey in the replevin suit, bore interest at ten per cent from date until paid. This was the language of the order ; and this was in accordance with the statute, which provides (Rev. Stats., sect. 3904) that "in all cases where judgment is given in any court upon any bond, bill, or note for the payment of money or delivery of property against the principal debtor and any surety therein, and such surety shall pay the judgment or any part thereof, he shall be entitled, upon motion, to a judgment in the same court against the principal debtor for the amount he has paid with ten per cent interest thereon from the time of payment, together with costs." As this judgment bore interest at ten per cent, it is plain from the language of the statute cited above, that the judgment upon this judgment must bear interest at the same rate. "Where any specific sum is adjudged to be due from defendant to plaintiff in an action or suit at law, this is a contract of the highest nature, being established by the sentence of a court of jurisdiction." 2 Bla. Com. 465. In order that the judgment should bear interest, it was not necessary that the court delivering the judgment should say so and make this statement a part of the judgment, because the statute expressly

provides that every judgment shall bear interest.   In order to determine the amount of interest which the judgment bears, if the judgment is upon contract, it is only necessary to ascertain from the record what interest the contract bore, and, as to that, in the present case, there can be no question.

It is not only the right, but the duty, of the clerk to look to the record in issuing execution to determine the legal effect of the judgment.   So where, in judgment on *scire facias* to revive judgment against an executor, the judgment directed a levy upon goods and chattels, and said nothing about the lands of the testator, it was held that the execution did not depart from the judgment in requiring a levy upon lands, because, the nature of the judgment being apparent, the manner of enforcing it is prescribed by law.   *Houck* v. *Cross*, 67 Mo. 152.   Where a general judgment was rendered in attachment, where there was service by publication only, and the court had jurisdiction of the *res*, but not of the person of the defendant, though the judgment was general in form, it was held to be the duty of the clerk to look to the nature of the proceedings and the jurisdiction of the court, and to issue only that special execution which the law and the character of the service warrants.   The general judgment might have been corrected by a *nunc pro tunc* entry, but until this was done, it would authorize the issuing of a special execution only.   *Massey* v. *Scott*, 49 Mo. 278 ; *Clark* v. *Holliday*, 9 Mo. 711.

It is contended by counsel for respondent that the judgment on the motion of Walsh bore ten per cent interest until the rendition of the judgment upon the judgment, and only six per cent after that.   But this is contrary to the express terms of the order as set out above.   The order upon Dailey was a judgment ; and the sureties upon his bond are liable because of this order, and to the full extent of it. *The State to use* v. *Dailey*, 4 Mo. App. 172.   The obligation of Dailey and that of his sureties was one assumed vol-

untarily by contract. The cases of *City* v. *Allen* (53 Mo. 44), *Ransom* v. *Cobb* (67 Mo. 375), and *Ownby* v. *Ely* (58 Mo. 475), cited by respondent, seem not to be in point. These cases hold that a judgment which includes a fifteen per cent penalty imposed by statute for non-payment of a special tax, is not to bear fifteen per cent interest. But the obligation sued upon in these cases is not by contract; the judgment is no evidence of the existence of a contract; and there was no contract. The obligation to pay the special tax is one imposed by the state without regard to the will of the property holder. The obligation of the administrator and his sureties, is, on the contrary, one of contract; and the order, made in accordance with the statute, that the sum bear ten per cent interest till paid, is one of those cases for which " special provision is made by statute" alluded in *Ownby* v. *Ely* (*supra*)

We are of opinion that the demurrer must be overruled; and, in accordance with what we understand to be the wish and intention of respondent, that the judgment upon the demurrer should be final, the peremptory writ will be awarded in accordance with the prayer of relator. All the judges concur.